## COMMONWEALTH *vs.* FRANK W. SPEAR.

Suffolk.   Nov. 22, 1886. — Jan. 4, 1887.   HOLMES & GARDNER, JJ.,
                            absent.

At the trial of an indictment on the Pub. Sts. *c.* 57, § 5, charging the defendant
    with having adulterated milk in his possession, with intent unlawfully to sell
    the same, an analyst in the employ of the inspector of milk may testify to the
    result of his analysis of the milk taken from the defendant from memory, using
    a memorandum made by him at the time of analysis to refresh his memory,
    without further proof that the requirements of the Pub. Sts. *c.* 57, § 2, as
    amended by the St. of 1884, *c.* 310, § 3, have been complied with.
At the trial of an indictment on the Pub. Sts. *c.* 57, § 5, charging the defendant
    with having adulterated milk in his possession, with intent unlawfully to sell
    the same, an analyst in the employ of the inspector of milk, who analyzed the
    milk taken from the defendant, testified that he reserved a portion of the milk
    so taken by putting it into a bottle, which he corked and sealed.   A chemist,
    to whom the analyst delivered the portion of milk so reserved, testified, for the
    defendant, that the bottle was not sealed.   The defendant asked the judge to
    rule, that, if the bottle was corked only, it was not a compliance with the
    requirement of the St. of 1884, *c.* 310, § 4, as to the sealing of such reserved
    portion.   The judge declined so to rule, and instructed the jury that they might
    consider the evidence as bearing upon the credibility of the government witness.
    *Held*, that the defendant had no ground of exception.
If, at the trial of an indictment on the Pub. Sts. *c.* 57, § 5, charging the defendant
    with having adulterated milk in his possession, with intent unlawfully to sell
    the same, an analyst in the employ of the inspector of milk of a city testifies
    that he added, for the purpose of preserving it, a few drops of carbolic acid to
    the sample reserved from milk delivered to him for analysis, it is a question of
    fact for the jury whether the reservation of the sample was in accordance with
    the requirement of the St. of 1884, *c.* 310, § 4.

INDICTMENT under the Pub. Sts. *c.* 57, § 5, charging the
defendant with having in his possession adulterated milk, with
intent unlawfully to sell the same. . Trial in the Superior Court,
before *Pitman*, J., who allowed a bill of exceptions, in substance
as follows :

To prove that the milk was adulterated, the government
called as a witness one Jordan, who testified that he was not
an inspector of milk, but was an analyst in the inspector's em-
ploy ; that he received from one Mullen, an employee of said
inspector, the milk upon which this indictment is founded ; and
that he analyzed said milk.   Under objection, Jordan was per-
mitted to state the result of his analysis from memory, using a

memorandum made by him at the time of analysis to refresh his memory.

No evidence was introduced of any record or preservation as evidence of the result of such analysis or test; no evidence of any certificate of such result, and no certificate of any kind, was introduced; and no evidence of compliance with the Pub. Sts. c. 57, §§ 1, 2, was offered.

The defendant, when objecting to the introduction of this evidence of analysis by Jordan, requested the judge to rule as follows: "1. Before evidence of the result of an analysis of milk can be introduced, the government must prove that the requirements of the Pub. Sts. c. 57, § 1, have been complied with. 2. The government must prove that the requirements of the Pub. Sts. c. 57, § 2, have been complied with, before the analysis of milk can be introduced in evidence. 3. Evidence of the result of an analysis of milk is not admissible in evidence, unless a certificate or record of the result of such analysis has been made by a sworn inspector. 4. Evidence of the result of an analysis of milk is not admissible, unless said analysis is made by a sworn inspector. 5. Evidence of the result of an analysis of milk is not admissible, unless the facts of such analysis are testified to by a sworn inspector. 6. An analysis of milk made by any person other than a sworn inspector is not admissible in evidence." The judge refused to give these rulings; and the evidence of Jordan as hereinbefore set forth was admitted.

Jordan further testified, that, by reason of the requirements of the St. of 1884, c. 310, § 4, he reserved a portion of said sample, which he sealed; and, upon cross-examination, he described his method of reserving and sealing said portion as follows: he took one half of the sample of milk received by him; to that half part he added a few drops of carbolic acid to preserve it; then he poured the part containing the carbolic acid into a bottle, into which he put a cork; he then cut the cork close to the top of the bottle, and over it spread sealing-wax.

A chemist and analyst called by the defendant testified that he received said half part so reserved from the inspector's office between three and four months after July 18, the date of the taking of the milk; that, when given to him by Jordan, there was a cork only in the bottle; that it was not sealed; that he

called Jordan's attention to the fact that said bottle was not sealed, and that Jordan then retook the bottle and sealed it at that time; and that he analyzed said portion, and found that fermentation of the milk had taken place. The evidence of said chemist was contradicted by Jordan.

The defendant requested the judge to instruct the jury as follows: " 1. If the jury find, on the evidence, that the portion of the sample reserved was put into a bottle, and a cork only used as a cover to the bottle, this was not compliance with the St. of 1884, c. 310, § 4, as to the sealing of such reserved portion. 2. If the jury so find the fact, they should find for the defendant." The judge refused to give these rulings, and instructed the jury that they might consider the evidence as bearing upon the credibility of the government witness; that, if the government relied on the method of proof by certificate, provided in the statute, they must conform to all its provisions; but when, as here, they relied on the oral evidence of the analyzer, such evidence was not incompetent, and that it would warrant a conviction, if it satisfied the jury, beyond a reasonable doubt, that the milk which the defendant had in his possession with intent to sell was adulterated, within the definition of the statute.

The defendant further requested the judge to instruct the jury, that, as matter of law, the reservation of a portion of the sample taken, with the addition of carbolic acid, is not a reservation of a portion of a sample in accordance with the St. of 1884, c. 310, § 4. This ruling the judge refused to give, and ruled that it was a question of fact for the jury, under proper instructions.

The defendant further requested the judge to instruct the jury as follows: " 1. There is no lawful evidence upon which the jury can find the defendant guilty of having adulterated milk in his possession, as no certificate or record of analysis has been introduced in evidence. 2. There being no evidence of any record of any test or analysis of the milk, in accordance with the Pub. Sts. c. 57, § 2, there is no legal evidence for the jury to consider." These instructions the judge refused to give.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. H. Cotton & H. W. B. Cotton*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

DEVENS, J. The first and second sections of the Pub. Sts. *c.* 57, (the second section being amended by § 3 of the St. of 1884, *c.* 310,) provide for the appointment of inspectors of milk, who may enter all places where milk is stored or kept for sale, and that "all persons engaged in the sale of milk shall, on the request in writing of an inspector, deliver to the person having the request a sample or specimen sufficient for the purpose of analysis of the milk then in his possession," &c. " Said inspector shall cause the sample or specimen of milk so delivered to be analyzed or otherwise satisfactorily tested, the results of which analysis or test they shall record and preserve as evidence." Section 4 of the St. of 1884, *c.* 310, provides that, before making the analysis of any sample, the person making the same shall reserve a portion, which shall be sealed, and, "in case of a complaint against any person, the reserved portion of the sample alleged to be adulterated shall, upon application, be delivered to the defendant or his attorney."

The defendant contends that these sections provide for an exclusive mode of proof of adulteration of milk, in case of prosecution therefor; and that it is only when a lawfully appointed inspector shall have taken the sample, and, following all the provisions of the law, shall have made the analysis and prepared the certificate, that a defendant can be convicted. He further contends that these sections are imperative, and intended to give a defendant the benefit and safeguard of this mode of proof, to the exclusion of any other, the inspectors being public officials required to follow in their conduct the rules defined by legislation. On examination of these provisions, it is seen that the statute intended to provide for a peculiar and somewhat unusual mode of proof of adulteration by means of the record of the analyses or tests made. While, if this is relied on, it would be necessary, in order that such record should be evidence, that all the requisitions of law should be complied with, there is no suggestion that other appropriate modes of proof of the offence, as they before existed, are to be rejected. The contention of the defendant would require us to

hold that, even if it were proved by the testimony of eye-
witnesses that the defendant had actually adulterated milk and
afterward sold it as unadulterated, he could not be convicted.
If persons not official inspectors may furnish evidence of milk
taken and analyzed by them, the·fact that the person who ac-
tually testifies is an official inspector is not important. Even
if, from failure to have observed all the requisitions of the law,
no proper record has been made, his analysis of the milk, the
character of which is disputed, properly supported by his testi-
mony as a witness, may be received and considered by the jury.

The defendant further contends, that, in order that any anal-
ysis of the milk shall be used in evidence, it is necessary that
the provision of § 4 of the St. of 1884, c. 310, shall have been
complied with. Of this position the defendant appears to have
had the full benefit. The witness who was the analyst testi-
fied to setting aside a sample of the milk in a bottle properly
corked and sealed. It was denied by the chemist to whom he
handed it, at the instance of the defendant, that it was thus
sealed; and the question of the credibility of the government
witness was submitted to the jury. The defendant requested
a ruling, indeed, that the fact that the bottle was corked only,
and not sealed, was not a compliance with the statute ; but, by
submitting to the jury the question of the credibility of the
government witness who testified that it was sealed, the defend-
ant had the benefit of his request.

It appeared by the evidence of the government witness, that
he had, in fact, added a few drops of carbolic acid to the speci-
men reserved, for the purpose of preserving it. The defendant
requested a ruling that the reservation of a portion of the sample
taken, with the addition of the carbolic acid, was not a reserva-
tion in compliance with the statute. This the court refused to
give, but submitted, as a fact, the inquiry to the jury, with proper
instructions, which do not appear. It was to be determined as
a question of fact, and not of law, whether the carbolic acid
added to the milk would change its character, make the analysis
impossible or difficult, or ₒin any way injuriously affect the use
of the sample for the purpose of analysis. If for practical pur-
poses the sample reserved was not affected by the addition made,
the statute has been complied with.          *Exceptions .overruled.*