## COMMONWEALTH vs. CHARLES W. LOCKHARDT.

Middlesex. Jan. 28. — Feb. 25, 1887. C. ALLEN & HOLMES, JJ., absent.

Placing wax upon the top of the cork in a bottle containing a portion reserved from a sample of milk taken for analysis, and not extending the wax over the mouth of the bottle and thus rendering the bottle air-tight, is not a sufficient compliance with the requirement of the St. of 1884, c. 310, § 4, that such reserved portion shall be "sealed."

COMPLAINT on the Pub. Sts. c. 57, § 5, charging the defendant with having in his possession adulterated milk, with intent unlawfully to sell the same. At the trial in the Superior Court, before *Thompson*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*H. W. B. Cotton*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

DEVENS, J. In *Commonwealth* v. *Spear*, 143 Mass. 172, it was contended by the defendant, in a prosecution similar to that in the case at bar, that, in order that any analysis of the milk taken by an inspector should be used in evidence, it was necessary that the provision of the St. of 1884, c. 310, § 4, should have been complied with. There was contradictory evidence in that case as to whether the sample set aside had been corked and sealed, and the credibility of the government witness on this point was submitted to the jury. There was also evidence that a few drops of carbolic acid had been added to the sample, and it was submitted to the jury as a question of fact whether this would change the character of the milk, make the analysis impossible or difficult, or in any way injuriously affect the sample for the purpose of analysis. It was therefore held that the defendant had had the full benefit of the position taken by him. It did not become necessary to determine whether the position of the defendant was correctly taken.

That question is fairly presented by the case at bar. The defendant requested a ruling that the government must prove that § 4 of the St. of 1884, c. 310, had been complied with; and also that, if the addition of alcohol (of which there was evidence)

or any other substance had curdled or changed the milk sample so that the defendant could not have a proper analysis, and had actually been deprived of the benefits of said § 4, he was entitled to a verdict of not guilty. There was no evidence as to any other milk than that of which a quantity had been taken by the milk inspector, and submitted to the chemist for analysis. The chemist testified, for the Commonwealth, that he took out a certain portion from the bottle in which the sample was contained, resealed the bottle by putting a cork therein, placing wax upon the top of the cork, but not extending the wax over the top of the bottle, or rendering it air-tight; and that the air would diminish the amount of solids in the milk. The expert for the defendant, who had examined the sample reserved, testified that the milk had been tampered with by the addition of alcohol; that the change in the milk thereby, and by the action of the air, it not having been sealed air-tight, had caused fermentation, and rendered a correct analysis impossible; and that the solids in the milk had decreased by reason of the action of the air.

The learned judge who presided did not give the instruction requested, either in terms or in substance. He instructed the jury, in the only portion of his charge that relates to this, " that the law did not provide that samples of milk should be hermetically sealed, and that it was a question of fact as to whether or not the mode of testing the quality of the milk was a fair one, and the milk adulterated, the burden being on the government to prove, beyond a reasonable doubt, that the milk intended for sale was adulterated at the time it was in the possession of the defendant and intended for sale by him; that if the milk was tampered with, and the quality of the milk, at the time the defendant had it in his possession with intent to sell the same, could not be correctly ascertained and determined, the government could not sustain the complaint."

The right of the inspector to enter any place where milk is sold, and to demand a portion of the milk there kept for sale to be afterwards analyzed, is a very peremptory one, with which he is invested for the purpose of enforcing the law. Section 4 of the St. of 1884, *c.* 310, is intended to secure a fair examination and analysis, by providing the defendant with the means himself of

making an analysis of a portion of the same specimen which has been analyzed on behalf of the government. It is for his protection against any mistake or misconduct of any government officer or witness, and also to enable him to test their accuracy. If the sample is not saved, or not saved in proper condition, he has no means of showing that his evidence, if any he has as to the quality of the milk, applies to that with reference to which the government witnesses testify. It cannot be said that a portion reserved is sealed, within the meaning of the statute, when wax is merely placed on the top of the cork, and not extended over the mouth of the bottle and thus making it air-tight, in view of the testimony of the government witness that the milk solids, by which the character of the milk is determined, will be affected by the air. The instructions requested should have been given in substance, or the case so submitted to the jury that it should have been determined by them whether the sample had been reserved in compliance with the provisions of law. The instructions fail to do this. They submit to the jury whether the mode of testing the quality of the milk was a fair one, place the burden on the government to show that it was, and say that, if the milk was tampered with, and the quality at the time the defendant had it in his possession with intent to sell could not be ascertained, the defendant was entitled to a verdict. The defendant was entitled to more than this, if the specimen reserved was not sealed; if it had been so added to or tampered with that correct analysis was rendered impossible, he had been deprived of the safeguard provided for him by the law, when the evidence relied on against him was of an analysis of milk which had been taken from his store or cart.

It is perhaps proper to observe, that the offence as alleged, and the trial of the cause, both took place previously to the enactment of the St. of 1886, c. 318, which is a substitute for the provisions we have considered. *Commonwealth* v. *Kenneson*, 143 Mass. 418.                           *Exceptions sustained.*