COMMONWEALTH *vs.* BENJAMIN F. HOLT.

Suffolk.    November 21, 1887. — January 7, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Milk — Sale — Special Contract — Evidence — Analysis.*

On a complaint for the sale of milk not of good standard quality, evidence that the milk was delivered under a special contract is immaterial.

If a buyer of milk takes a portion to a milk inspector, the latter may testify on the trial of such a complaint as to the results of his analysis.

COMPLAINT alleging that the defendant, on April 23, 1887, " did sell to Robert Rooney one pint of milk not of good standard quality; that is to say, milk containing less than thirteen per cent of milk solids."

Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows:

The defendant made a special contract with the wife of Rooney, by which he was to deliver to her each day one quart of the milk of one dairy, and fulfilled his part of the contract. On April 23, 1887, after the milk had been delivered, Rooney, without any notice of his intention to the defendant or his agent, carried the milk to the milk inspector, who caused a sample of the same to be analyzed, and then brought this complaint, which he signed and prosecuted in the usual way.

Subsequently, the defendant called upon the milk inspector and requested a portion of the milk in question; but the remainder of the milk had not been preserved, nor had the inspector reserved or sealed a portion of the same before making the analysis. It appeared from the evidence that the milk contained less than thirteen per cent of milk solids, and was not of good standard quality.

The defendant asked the judge to rule, — 1. that, as this was a special contract for the milk of one dairy, it was immaterial what the quality of the milk might be, and, if delivered by the defendant as he received it from the dairy, he would not be guilty; 2. that, as the defendant and his agent were deprived of the opportunity of requesting a portion of the sample of milk at the time it was taken, no request was necessary, and the results of the analysis were not admissible in evidence; 3. that, under the circumstances, the defendant's subsequent request was sufficient, and the analysis was inadmissible; 4. that the analysis was inadmissible, because the St. of 1884, c. 310, § 4, had not been complied with.

The judge refused so to rule, the jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. A. McGeough*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

FIELD, J. The St. of 1886, c. 318, § 2, prohibits, under a penalty, the sale of milk which is not of good standard quality, and the alleged contract was immaterial. Indeed, the contract would be held to mean that the milk delivered should be such as could lawfully be bought and sold. The testimony of the milk inspector to the results of the analysis was properly received in

evidence. The milk was delivered to the inspector for analysis by the purchaser of the milk, and was not taken from the possession of the defendant, pursuant to the St. of 1886, c. 318, § 1.

In cases where the milk analyzed has not been taken under the provisions of the statute, the competency of evidence is to be determined by the common law, and the testimony of any person who had sufficient skill to analyze milk, and who had analyzed some of the milk which was shown to have been sold by the defendant, was admissible. *Commonwealth* v. *Spear,* 143 Mass. 172.                          *Exceptions overruled.*