## COMMONWEALTH *vs.* JOHN F. COLEMAN.

Suffolk.    November 22, 1892. — December 5, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Adulterated Milk — Purchase by Collector of Samples for Analysis without Disclosure of Facts to Seller.*

The fact that a collector of samples of milk, who was not acting under the authority of the St. of 1886, c. 318, made a purchase of milk in a restaurant and retained a portion thereof for analysis without disclosing that he was such a collector, and without giving to the person from whom it was purchased an opportunity to ask for a sealed sample, will not render evidence incompetent to show that the milk so purchased was below the legal standard.

COMPLAINT, alleging that the defendant, on April 26, 1892, at Boston, sold to Edward Kelly a certain quantity of milk containing less than thirteen per cent of milk solids.

At the trial in the Superior Court, before *Blodgett*, J., the following facts appeared.

The defendant was the proprietor of a restaurant in Boston where milk was kept for sale.   On April 26, 1892, Edward Kelly, who was employed by the inspector of milk as a collector of samples, entered the restaurant for the purpose of obtaining a sample of milk for inspection, being at that time engaged in his regular duty of obtaining samples for the inspector's office. He presented himself at one of the tables in the restaurant, and called for a glass of milk, for which he paid five cents.   He took a portion of the milk from the glass to the office of the inspector, which upon analysis proved to be below the legal standard.   The person of whom the sample was obtained did not know that a sample had been taken for inspection.   Kelly appeared in the restaurant as an ordinary customer of the place, and did not inform the defendant of the fact that he was a collector of samples in pursuit of his employment, and that he had obtained a sample for collection.

The defendant requested the judge to instruct the jury as follows:   " If the person who obtained the sample for inspection was a duly authorized collector of samples, and entered the restaurant of the defendant in the regular pursuit of his employ-

ment as collector for the purpose of obtaining a sample for inspection, it was his duty, when obtaining the sample to give the person of whom it was taken an opportunity to ask for a sealed sample of the same, and, if he failed to do so, the defendant cannot be convicted"; which instruction the judge refused to give.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. G. Holcombe*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

ALLEN, J.    The St. of 1886, c. 318, § 1, authorizes inspectors of milk or collectors of samples to enter all places where milk is stored or kept for sale, and to take samples.    This implies that they may do so against the objection of the owner or person in charge; and when samples are taken under the authority of this section, a portion of each sample must, if desired, be sealed and delivered to the owner or person in charge.    By § 3, if the inspector or collector refuses or neglects to do so after being so requested, no evidence of the result of the analysis can be received.

In the present case, the acts of the collector of samples were not done under the authority of the statute, but they were merely such acts as anybody might have done, and even though he failed to observe the provisions in respect to sealing and delivering to the owner or person in charge a portion of the milk taken by him, his testimony and his acts were not thereby rendered incompetent, because the requirement of the statute does not apply to such a case; and the defendant might properly be convicted upon proof that his milk was below the legal standard. *Commonwealth* v. *Holt*, 146 Mass. 38. *Commonwealth* v. *Spear*, 143 Mass. 172. *Commonwealth* v. *Taylor*, 132 Mass. 261.    The fact that a collector of samples made a purchase of milk in a restaurant and retained a portion thereof for analysis without disclosing that he was such a collector, and without giving to the person from whom it was purchased an opportunity to ask for a sealed sample, will not render evidence incompetent to show that the milk so purchased was below the legal standard.    The ruling asked for was rightly refused.

We need not consider whether, if the collector had been acting under the authority of the statute, it would have been his duty to give to the person from whom the milk was taken an opportunity to ask for a sealed sample.          *Exceptions overruled.*