CHARLES A. SANBORN *vs.* GEORGE W. GALE.

Middlesex.   November 23, 1894. — November 28, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Alienation of Wife's Affection — Statute of Limitations — Fraudulent Conceal-
ment of Cause of Action — Evidence — Confession by Wife to Husband.*

A husband's cause of action for the alienation of his wife's affection accrues at
    the time when he discovers her in the act of adultery ; and an action therefor
    against her paramour, brought more than six years after such discovery, is
    barred by the statute of limitations, Pub. Sts. c. 197, § 1, cl. 4.
The fact that a wife, although detected by her husband in the act of adultery,
    denied, by agreement with her paramour, their guilty relations until the expira-
    tion of twelve years, when she confessed them, is not a fraudulent concealment
    of the husband's cause of action for the alienation of his wife's affection, within
    Pub. Sts. c. 197, § 14.
A cause of action cannot be said to be concealed from one who has a personal
    knowledge of the facts which create it, although he may have no other means
    of establishing his case than by his own testimony.
A confession in writing by a wife to her husband, shown by her to no other person,
    of her guilty relations with another, is not competent evidence against the latter,
    in an action by the husband for the alienation of his wife's affection.

TORT, for the alleged alienation by the defendant of the affec-
tion of the plaintiff's wife.   Writ dated January 23, 1893.
Answer: 1. A general denial.   2. The statute of limitations.
Trial in the Superior Court, before *Mason,* C. J., who allowed a
bill of exceptions, in substance as follows.

The plaintiff offered to prove that, in the latter part of the
year 1876, he moved into a house owned by the defendant in
Cambridge, where he remained until January 1, 1879, as tenant
at will, occupying the house with his wife; that the defendant
during that period called at the house with great frequency,
and became intimately acquainted with the plaintiff's wife, the
plaintiff being sufficiently aware of this to have suspicion that
the acquaintance was becoming dangerous to his domestic peace,
but not aware that the affection of the wife had been in fact
alienated; that, in consequence of these suspicions, on Jan-
uary 1, 1879, the plaintiff removed with his wife to another
house, where the defendant had no occasion to go for any pur-
pose whatever, but he persisted in coming there with frequency,

of which the plaintiff became aware, and on May 5, 1880, detected his wife and the defendant in the house in the act of adultery; that the plaintiff and his wife continued to live together after this in the same house, but occupying separate rooms, until May 11, 1892, when his wife died, after an illness lasting about one year; that on May 1, 1892, his wife made and signed a written confession to the plaintiff of her relations with the defendant from January 1, 1876, to May 5, 1880, stating therein, among other things, that the defendant, on the occasion above mentioned, May 5, 1880, induced her to agree with him utterly to deny to the plaintiff that she had been guilty, as she had in fact been with the defendant during the period above mentioned; and that the wife did in fact deny to the plaintiff her guilt and relations with the defendant until the time of her confession; and the plaintiff offered to show evidence of injury and loss of his wife's society caused by the alienation of her affection. The plaintiff admitted that the confession had never been shown by the wife to any one but himself.

Upon the foregoing offer of proof, the plaintiff asked the judge to rule as follows: "1. The cause of action did not accrue until the date of the confession. 2. The written confession was itself competent evidence of the fact of a conspiracy between the wife and the defendant to conceal from the plaintiff any knowledge of the cause of action."

The judge refused to rule as requested; ruled that, upon the offer of proof, the action could not be maintained; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*J. W. Pickering,* for the plaintiff.

*G. F. Piper,* for the defendant.

ALLEN, J. The plaintiff's cause of action was complete at the time when he discovered his wife in the act of adultery with the defendant; and, as this was more than six years before he brought suit, the action was barred by the statute of limitations, Pub. Sts. c. 197, § 1, cl. 4, unless saved by the provisions of § 14 as to a fraudulent concealment by the defendant of the cause of action. The wife's confession in 1892 did not disclose any subsequent adultery, or any cause of action accruing at a later date; and if it would show that she, through the procure-

ment of the defendant, had agreed to deny the facts, that is not the same thing as fraudulently concealing the cause of action. A cause of action cannot be said to be concealed from one who has a personal knowledge of the facts which create it, although he may have no other means of establishing his case than by his own testimony. See *Nudd* v. *Hamblin*, 8 Allen, 130; *Jackson* v. *Buchanan*, 59 Ind. 390.

Moreover, the confession was not competent against the defendant, because the plaintiff could not be allowed to testify as to a private conversation with his wife; Pub. Sts. c. 169, § 18, cl. 1; and also because the defendant would not be bound, and could not be affected, by such a confession made in his absence. *Pond* v. *Pond*, 132 Mass. 219, 223.          *Exceptions overruled.*