KOBAN v. STATE.

Opinion delivered May 7, 1904.

NATIVE WINE—SEALING—STATUTE.—Acts 1899, p. 137, enacts that any person who grows or raises grapes or berries may make wine thereof and sell the same in quantities not less than one-fifth of a gallon, or in sealed bottles, anywhere in the State without license. *Held,* that the term "sealed," when used with reference to bottles, means incasing the mouth in wax or other material used for the same purpose, and hence the sale of wine in quantities less than one-fifth of a gallon in bottles which were corked but not sealed was a violation of the statute.

Appeal from Perry Circuit Court.

ROBERT J. LEA, Judge.

Affirmed.

*J. H. Carmichael,* for appellant.

A valid seal does not mean that an impression be made. 21 Am. & Eng. Enc. Law, 882.  Usage is to be considered in the interpretation of a statute.  Black, Int. Law, 216; End. Int. Stat. 31.

BATTLE, J.  Reynold Koban was accused of violating an act entitled "An act to regulate the sale of native wine, and other purposes," approved March 29, 1899, and was convicted and fined in the sum of $100.

So much of the act as is applicable to this case is as follows:

"Section 1.  Any person who grows or raises grapes or berries may make wine thereof and sell the same in quantities not less than one-fifth of a gallon, or in *sealed* bottles, anywhere in the state without license when the same has been properly labeled as provided for in section 2 of this act."  *  *  *

Section 2 is as follows: "All wine sold in this state shall, before sale, be labeled so as to truly designate its kind and quality. Nothing but the pure fermented juice of the grape or berry shall be labeled 'Natural Wine.' Wine to which sugar has been added before fermentation shall be labeled 'Sugared Wine.' The label shall also state if the wine be sweetened or unsweetened."

Section 4 is as follows: "Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than one hundred dollars ($100) nor more than five hundred dollars ($500). Acts 1899, pp. 137-8."

The defendant was tried and convicted upon the following agreed statement of facts:

"It is agreed that the defendant, on the 14th day of January, 1903, in Perry county, Arkansas, and within three miles of Volman schoolhouse, did, as agent or employee of one who grows or raises grapes or berries and makes wine thereof, sell natural wine in quantities less than one-fifth of a gallon in bottles, shut, closed and made fast with a cork—in the usual way for such wines, but having no wire, wax or anything or material on said corks; that said bottles were properly labeled as required by statute and the wine of the kind and quality required. Said wine was not sold by said agent on the premises of said grower of said grapes or berries and manufacturer of said wine, but in another county and in another part of the state than that in which said principal grew such grapes or berries and manufactured said wine."

The only question in this case is, were the bottles containing the wine sold sealed? The fact is, they were corked only. "Corked" and "sealed," when used in reference to bottles, are not synonymous words. Bottles are corked before sealing, and when corked are sealed by incasing the mouth in wax, or other material used for the same purpose, sufficiently close to exclude the air. *Com.* v. *Lockhardt,* 144 Mass. 132.

Judgment affirmed.

BUNN, C. J., and HUGHES, J., absent.