COMMISSIONER OF BANKS *vs.* HANOVER TRUST COMPANY
& others.

Suffolk.    December 4, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Trust Company*, In liquidation: stockholders' liability. *Commissioner of Banks. Executor and Administrator. Limitations, Statute of. Corporation*, Stockholders' liability. *Insolvency.*

The liability of stockholders of a trust company established by G. L. c. 172, § 24, applies only to those who were stockholders at the time when the commissioner of banks took possession of the property and business of the trust company.

Where, more than a year before the commissioner of banks in 1920 took possession of the property and business of a trust company under G. L. c. 167, § 22, one who had been a stockholder had died and an administrator of his estate had been appointed and had given bond, but had not caused the stock to be transferred upon the books of the corporation, the administrator is a stockholder and in that capacity is liable as a defendant in a suit brought in 1923 by the commissioner under G. L. c. 167, § 24, to enforce the liability established by G. L. c. 172, § 24; and the short statute of limitations, G. L. c. 197, § 9, is not a bar to such a suit.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on April 18, 1923, and afterwards amended, against the Hanover Trust Company and certain named stockholders or their personal representatives for the enforcement under G. L. c. 167, § 24, of stockholders' liability established by G. L. c. 172, § 24.

Demurrers to the bill came on to be heard before *Crosby*, J., and the suit thereupon was reserved by him for determination by the full court.

Material statutory provisions are quoted, *ante*, pages 336-339.

*P. N. Jones*, (*F. D. Healy* with him,) for the defendant Donoghue.

*J. J. Russo*, for the defendant Russo, administratrix.

*H. D. McLennan* & *W. R. Sears*, for the defendant Cunningham, trustee for Ponzi, submitted a statement without an argument or a brief.

*F. H. Smith, Jr.*, for the plaintiff.

RUGG, C.J.    This is a suit in equity by the commissioner of banks in possession of the Hanover Trust Company to enforce the liability of its stockholders.    The suit is similar in nature to *Commissioner of Banks* v. *Cosmopolitan Trust Company, ante,* 334.    That decision settles most of the points presented on this record and is adopted as here applicable without discussion.

The questions in the case at bar not there decided remain to be considered.

1. The bill alleges that the several defendants named as stockholders in the Hanover Trust Company were such stockholders on August 11, 1920, the date on which the commissioner of banks took possession of its property and business.    There is no allegation that they were stockholders when the judgment was recovered against the trust company under G. L. c. 158, § 46, as to which there are adequate averments.

The commissioner of banks in possession of the trust company brings this suit by virtue of the powers conferred upon him by G. L. c. 167, § 24.    As to forms of remedy so far as applicable he must follow G. L. c. 158, §§ 46, 47, 49–54, inclusive.    There is no specific time prescribed by the statute for the ascertainment of those stockholders who are liable for the contracts, debts and engagements of a trust company in liquidation by the commissioner of banks under G. L. c. 167.    It is provided in G. L. c. 158, § 49, that suits by creditors to enforce stockholders' liability shall be against " persons who were stockholders . . . at the time of the commencement of the suit in which such judgment was recovered."    That provision is applicable · to suits by creditors to enforce stockholders' liability.    It was framed originally with reference to such suits alone.    It is not applicable in substantive effect to the situation presented by this record.    The commissioner of banks does not bring this suit as a creditor.    He sues in his official capacity for the benefit of the creditors designated in other sections of the law as beneficiaries.    Their identity and their rights to share in the assets are in general fixed as of the date when the commissioner takes. possession of the trust company.

The vital point of time in most matters concerning the administration of the affairs of a trust company in liquidation by the commissioner of banks is the date when he took possession of its property and business. It was said in *Gerold* v. *Cosmopolitan Trust Co.* 245 Mass. 259, 262: "As a practical matter, the purposes of the statute will be best accomplished by adjusting the rights of the parties as of the date when the commissioner took possession of the trust company; and that rule has been adopted in other cases." It has been applied generally to a considerable variety of cases. *Cosmopolitan Trust Co.* v. *Ciarla,* 239 Mass. 32. *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249. *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64, 77. It applies to the ascertainment of stockholders who may be held liable to suit by the commissioner of banks for the relief of beneficiary creditors.

This conclusion is reached without reference to St. 1922, c. 488, which makes specific provision to the effect that suit to enforce liability shall be brought against persons who were stockholders at the time of taking possession of the trust company by the commissioner. It follows that the demurrers must be overruled.

2. The demurrer of the trustee in bankruptcy of the estate of Charles Ponzi has not been argued. Another suit is pending presenting issues between him and the commissioner of banks. That demurrer is overruled but without prejudice to whatever questions rightly are raised in that other suit.

3. Michele Russo appeared by the records of the trust company to be the owner of twenty-one shares of its stock at the time the commissioner of banks took possession of its property and business in 1920. Michele Russo had died and Addolorata Russo had been appointed administratrix of his estate in 1918. The inventory of his estate filed September 30, 1919, showed twenty-one shares of the stock of the trust company belonging to the decedent. The first account of the administratrix filed in November, 1920, showed these shares among the assets of the estate. The estate has not yet been distributed nor has the administratrix been dis-

charged. Demand for payment of the liability on this stock standing in the name of Michele Russo was made in notices addressed to him at his last Boston residence by the commissioner of banks in October and November, 1921. No specific demand was made on his administratrix. The stock was held by his estate when and since the commissioner of banks took possession of the trust company and is still so held. The suit at bar was entered April 18, 1923. The administratrix of Michele Russo has voluntarily appeared in this suit and has filed a plea wherein she sets forth the short statute of limitations and thus raises the question of the liability of his estate under these circumstances.

The short statute of limitations, G. L. c. 197, § 9, is not a bar to this proceeding. The liability of the holder of these shares of stock was not extinguished by the death of Michele Russo in 1918. The liability had not then accrued, because the commissioner of banks had not then taken possession of the trust company and he had not determined to enforce the stockholders' liability and the judgment against the trust company required by G. L. c. 158, § 46, had not then been entered. The earliest of these events did not occur until nearly two years after the death of Michele Russo. The stock did not cease to have an owner because of the death of Michele Russo. It continued to exist and to have an owner. When each of these events took place, the administratrix of his estate was the holder of the legal title to these shares. She continues to be such holder. She as such administratrix is therefore the shareholder. She is in that capacity liable to the assessment decided upon by the commissioner of banks and being enforced by the present suit. The commissioner of banks had a right to treat Michele Russo or his estate as owner for the reason that there had been no transfer of the stock on the books of the corporation. The liability of a stockholder or his estate continues after his death until there is such transfer or demand therefor. *Matteson* v. *Dent*, 176 U. S. 521.

The short statute of limitations is a bar to ordinary debts of a decedent. *Wells* v. *Child*, 12 Allen, 330. *Rich* v. *Tuckerman*, 121 Mass. 222. *Leach* v. *Leach*, 238 Mass. 100.

But the claim here sought to be enforced is not of that nature, as has been pointed out.   It was not a debt of the decedent.   It is a claim springing into vitality long after the death of Michele Russo and arises by virtue of the ownership of stock at the time when possession of the trust company was taken by the commissioner of banks.   Provision is made for the establishment of claims against estates of deceased persons even after the period of limitations has run. G. L. c. 197, §§ 10, 29.   The estate of the deceased stockholder may be held.   This conclusion is supported by the principle of numerous decisions.   *Grew* v. *Breed,* 10 Met. 569, 577.   *Matteson* v. *Dent,* 176 U. S. 521.   *Johnson* v. *Libby,* 111 Maine, 204.   *Davis* v. *Weed,* 44 Conn. 569.   *Rankin* v. *Miller,* 207 Fed. Rep. 602.   *Zimmerman* v. *Carpenter,* 84 Fed. Rep. 747.   *Parker* v. *Robinson,* 71 Fed. Rep. 256.   *Mortimer* v. *Potter,* 213 Ill. 178.

Decrees are to be entered overruling the demurrers and adjudging the plea insufficient.

*So ordered.*