<hr/>

DIRECTOR OF LIQUIDATIONS *vs.* EXCHANGE TRUST COMPANY & others.

Suffolk. December 8, 1942. — March 1, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Limitations, Statute of. Contract,* What constitutes, Trustee's contract. *Trust,* Trustee's contracts, Trustee as stockholder. *Trust Company,* Stockholder's liability.

The short period of limitation established by G. L. (Ter. Ed.) c. 260, § 11, applies to obligations originally incurred by a fiduciary himself, not to those to which he merely succeeds by assuming his office.

A suit to collect an assessment upon trust company stock held by a trustee under a will was not "founded on any contract made or act done" by him within G. L. (Ter. Ed.) c. 2€0, § 11, where the stock had been owned by the testator and had passed to the trustee by the will and the trustee had procured the issuance of a new certificate in his name as such before possession was taken of the trust company or the assessment was made.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk by the commissioner of banks on September 27, 1935.

The director of liquidations, later appointed, was substituted as plaintiff.

By order of *Dolan*, J., there were entered interlocutory decrees denying a motion by the defendant George W. Judkins, trustee, to recommit to a master, and confirming the master's report, and a final decree in favor of the plaintiff against Judkins.   Judkins appealed.

*A. B. Mannix*, for the defendant Judkins, trustee.

*I. Cohen*, for the plaintiff.

QUA, J.   This bill is now prosecuted by the director of liquidations, appointed pursuant to St. 1939, c. 515, § 1, and in possession of the Exchange Trust Company, to enforce the statutory liability of the stockholders of the trust company to contribute to the assets in the director's hands an amount equal to the par value of their stock.   G. L. (Ter. Ed.) c. 172, § 24.   (See now this section as most recently amended by St. 1937, c. 248.)   G. L. c. 167, § 24, as amended.   St. 1939, c. 515, § 2.   St. 1941, c. 143, § 2. The present appeal relates only to the claim of the director against George W. Judkins, who is the surviving trustee under the will of Charles S. Judkins, a deceased stockholder.

The sole defence is the statute of limitations, G. L. (Ter. Ed.) c. 260, § 11, which reads in part as follows: "An action founded on any contract made or act done, if made or done by any person acting as the executor, administrator or other legal representative of the estate of a deceased person, shall be brought within one year, or, if made or done by any person acting as trustee, guardian or conservator, shall be brought within two years, after the right of action accrues; . . ."

Possession of the trust company was originally taken by the commissioner of banks on April 25, 1932. After determining that an assessment was necessary, he made "due demand" for payment upon the stockholders on January 25, 1933. This suit was brought on September 27, 1935, more than two years after the demand. Charles S. Judkins, the former owner of the stock here involved, died in 1924. The present defendant and another were appointed administrators of his estate, c. t. a., on November 24, 1924, and trustees under his will on December 29, 1924. In 1926 the certificate that had been issued to the decedent was cancelled, and at the request of the trustees a new certificate was issued to them in their trust capacity. Thereafter the one hundred shares of stock in respect to which the assessment is disputed continued to stand in the names of the two trustees and so stood when the commissioner took possession of the trust company, and when he gave notice of his determination to make the assessment. When this suit was brought they stood in the name of George W. Judkins, the survivor of those trustees.

It is the defendant's contention that the plaintiff's suit against the defendant is "founded on" a "contract" which was "made" by him "acting as trustee" when he and his cotrustee (now deceased) took out a stock certificate in their trust capacity, and also that this constituted an "act done" by them, within the meaning of G. L. (Ter. Ed.) c. 260, § 11.

It is true that in this Commonwealth "statutes of limitation apply of their own force to suits in equity." *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 395. It is also true that the statutory liability of stockholders for debts of the corporation has been treated, both in this Commonwealth and elsewhere, as essentially a contractual or quasi-contractual liability arising not alone from a statute but from the voluntary contractual assumption of the relationship of a stockholder plus the operation of the statute upon that relationship, and that such suits as this have been held or assumed to be barred by statutes of limitation applicable to actions sounding in contract. *Baker* v. *Atlas Bank*, 9 Met. 182. *Commonwealth* v. *Co-*

*chituate Bank,* 3 Allen, 42.    *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156, 162.    *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78, 87.    *Commissioner of Banks* v. *Hanover Trust Co.* 247 Mass. 347, 351. *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401, 425–426.    *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205, 228–229.    *Friede* v. *Sprout,* 294 Mass. 512, 514.    *Brown* v. *O'Keefe,* 300 U. S. 598, 606–607.    See *Dietrick* v. *Hayward,* 304 Mass. 623, 625.    Compare *McClaine* v. *Rankin,* 197 U. S. 154, where a statute of limitation of "an action upon a contract or liability, express or implied" was held not a bar to the collection of an assessment from a stockholder of a national bank.

If we assume that, in general, statutes of limitation may be a defence to a suit by the commissioner for an assessment under G. L. c. 167, § 24, after as well as before that section was so amended by St. 1922, c. 488, § 1, as to authorize an assessment, if the commissioner deems it necessary, "at any time after he has taken possession," still we are of opinion that no defence under c. 260, § 11, is made out in this case, since we think that this suit is not "founded on any contract made or act done" by the defendant within the meaning of § 11. That section seems to have been designed primarily to shorten the period of limitation with respect to new obligations incurred in the course of the administration of an estate or of a trust. The obligation of the present defendant as a stockholder was not of that kind. The "contract" was not originally "made" by the defendant at all. It was made by the testator in the latter's lifetime. The defendant became liable only as a statutory incident or consequence of taking over the stock, first as administrator and then as trustee. His liability resulted from the nature of the asset of which he took possession, coupled with the subsequent events of the failure of the bank and the levying of the assessment. He could not undertake the trust and at the same time refuse the potential liability. It would have been simple and easy to provide that all actions against trustees should be brought within two years, if such a sweeping rule had been intended. But

the wording of the statute seems to point to a distinction between contracts originally made by the fiduciary himself and those to which he has merely succeeded by assuming the trust, and this distinction seems intended to apply to trustees as well as to executors and administrators. Even if the defendant by becoming trustee did thereby become a party in a contractual relationship with the trust company, we do not think that any contract was "made" by him within the meaning of § 11. See *Commissioner of Banks* v. *Hanover Trust Co.* 247 Mass. 347, 350–351; *Matteson* v. *Dent*, 176 U. S. 521, 526.

We attach no special importance to the taking of a new stock certificate in the defendant's name. The defendant became subject to an assessment as soon as he became a true owner in trust of the stock, whether or not he should ever hold a certificate in his own name. *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401, 422–423. *Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162, 175–176. *Commissioner of Banks* v. *McKnight*, 281 Mass. 467, 474. The transfer of the stock into his own name was not the making of a contract by which he first became subject to assessment. His contingent liability to assessments remained exactly as it had been before.

The same considerations which lead us to the view that the suit is not founded upon a "contract made" by the defendant lead also to the conclusion that it is not founded upon an "act done" by the defendant within the meaning of the statute.

Although this case is not entirely governed by *New York Trust Co.* v. *Brewster*, 241 Mass. 155, 160, we think it should be classed with that case, and that the same result should be reached. See also *McClaine* v. *Rankin*, 197 U. S. 154.

*Interlocutory decrees affirmed.*
*Final decree affirmed.*