## FALK v. LEVINE et al.

### Civ. A. No. 3377.

District Court, D. Massachusetts.

July 5, 1946.

See, also, 60 F.Supp. 660.

Magnus Greenman, of Boston, Mass., for plaintiff.

Samuel M. Salny, of Fitchburg, Mass., for defendant.

SWEENEY, District Judge.

There is before me a motion for summary judgment brought by the defendants pursuant to the Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c, on the ground that plaintiff's cause of action is barred by the statute of limitations and laches. Jurisdiction of this court is based on diversity of citizenship. The case has been submitted on the pleadings, oral depositions, interrogatories and admissions of material facts.

The plaintiff is a citizen of the State of New York and the defendants are citizens of the Commonwealth of Massachusetts. The complaint summarized is as follows:

On or about May 7, 1935, the individual defendants, who then owned or controlled all the 100 shares of common stock of the corporate defendant, entered into a written agreement with the plaintiff. This agreement provided that the individual defendants would lend $5,000 to the corporation, rent it certain property under certain conditions, handle the corporate sales under certain conditions, and raise funds for its future development. The corporation was to issue 100 shares of no par voting non-dividend paying common stock, one half to the plaintiff and the other half to the individual defendants, and 100 shares of no par non-voting dividend paying preferred stock, one third to plaintiff and one third to each of the two individual defendants. The agreement provided that the plaintiff would give the corporation his knowledge and information for producing plastics and also would secure a competent engineer at the corporation's expense; that the $5,000 loan was to be used in developing the manufacturing of a plastic machine or machines; and that corporate products sold to the New England Novelty Company, which was owned by the individual defendants, should be sold at a reasonable profit.

That immediately thereafter the plaintiff performed all the things that were required to be done by him under the agreement; that, after several months, the engineer, with the aid of the plaintiff, succeeded in perfecting a commercially successful automatic injection molding machine of great value; that the defendants fraudulently represented to the plaintiff that the molding machine was unsuccessful; that the $5,000 which they were to advance under the terms of the agreement of May 7, 1935, had been almost used up; that, unless the plaintiff would be willing to advance more money to perfect the machine, they would

do so for their own benefit and the plaintiff would have no further interest therein; and that thereafter, upon plaintiff's insistence, defendants arranged for a demonstration of the molding machine, but caused the machine to operate improperly at the demonstration.

That about two years later the individual defendants fraudulently represented that the business of the corporation was unsuccessful but that if the plaintiff would surrender all his rights against all three defendants and execute releases that they would pay the plaintiff $2,000; that the corporate business had in fact been successful; that in reliance on the misrepresentations of the individual defendants, which were deliberate and made with intent to defraud, the plaintiff executed releases in favor of all the defendants for $2,000; that upon learning of the fraud "a short time ago" the plaintiff tendered the $2,000 to the defendants.

The prayer for relief asks for the delivery of the stock, an accounting for profits and such other relief as may be just.

In denying defendant's motions to dismiss the complaint for failure to state a cause of action, Judge Wyzanski pointed out that the claim set forth by the plaintiff was consistent with a right to recover on several theories. Plaintiff might rescind the releases for fraud, recover back his secret processes and the profits attributable to them or obtain compensation on a quantum valebant theory in quasi contract, or, still further, he might obtain reformation of the original agreement in a court of equity for a mutual mistake of law. The statute of limitations problem was not considered on the motions to dismiss.

From the depositions it is apparent that the conversations relative to the advancement of additional money by the plaintiff occurred in August 1935. Immediately thereafter came the alleged fraudulent demonstration of the machine. The releases were executed by the plaintiff on April 5, 1937. The action was commenced on February 27, 1945. There is no allegation of further fraud on the part of the defendants between the date of the releases and the beginning of the suit.

The rule in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is to be followed by Federal Courts in diversity cases with reference to the application of the statute of limitations since the problem is one of the enforcement of State-created rights. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. Section 2, Chap. 260 of Mass. G.L.(Ter.Ed.) provides that actions of contract founded upon contracts or liabilities, express or implied, and actions of tort shall "be commenced only within six years next after the cause of action accrues." Section 12 of Chapter 260 provides that "If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action." These provisions apply in equity proceedings as well as at law. Director of Liquidation v. Exchange Trust Co., 313 Mass. 351, 47 N.E.2d 296; Stoneham Five Cents Savings Bank v. Johnson, 295 Mass. 390, 3 N.E.2d 730, 106 A.L.R. 1333. In the absence of a fiduciary relation between the parties there must be active concealment of the cause of action to prevent the running of the statute from the time of the perpetration of the fraud. Connelly v. Bartlett, 286 Mass. 311, 190 N.E. 799; Norwood Trust Co. v. Twenty-Four Federal St. Corp., 295 Mass. 234, 3 N.E.2d 826. In the present case it is clear that the relationship of the parties is contractual rather than fiduciary. This would be true even if plaintiff had acquired a stockholder status in the Commonwealth Plastic Company. Gladstone v. Murray Co., 314 Mass. 584, 50 N.E.2d 958; Goodwin v. Agassiz, 283 Mass. 358, 361, 186 N.E. 659.

The important question for decision in the present case is whether any of the possible bases of recovery contained in plaintiff's complaint remains within the period of limitation for the bringing of the action. With regard to the rescission of the releases dated April 5, 1937, it appears that there was no active concealment of the alleged fraud after its perpetration.

Since the relationship between the parties is not fiduciary but contractual the rule of the Connelly and Norwood Trust Co. cases, supra, should be applied. The action for rescission of the releases is barred by the statute of limitations.

The barring of affirmative equitable relief, however, is not decisive of the entire matter. Although the plaintiff may be prevented from asking for rescission or cancellation of the releases in equity because of the danger of loss of evidence of the alleged fraud, he should, nevertheless, be entitled to allege fraud to meet the affirmative defense of release in an action on the original agreement. The statute of limitations bars the remedy of rescission or cancellation for fraud; it does not bar the use of fraud in answer to an affirmative defense. Thus, the existence of the releases, cancellation of which is barred by the statute, does not automatically leave the plaintiff without a cause of action.

 Whether the complaint is construed as an action on the express agreement or on an implied contract for services rendered, plaintiff's cause of action would not accrue until a breach occurred. Boston Towboat Co. v. Medford Nat. Bank, 232 Mass. 38, 121 N.E. 491; Tower v. Jenny, 279 Mass. 208, 181 N.E. 123. Breach of the agreement occurred and the plaintiff's cause of action accrued, if at all, when plaintiff was told in August 1935 that he would have to advance additional money or be declared out of the enterprise. This was the beginning of the active concealment of the cause of action. Later came the allegedly false demonstration. In 1937 the execution of the releases occurred. These allegations are sufficient to bring the case within the extension provisions of Chapter 260, § 12. Parker v. Simpson, 180 Mass. 334, 62 N.E. 401.

 It may well be that plaintiff had knowledge of the facts or a means of discovering them under circumstances which should have put him on inquiry. In such case the statute of limitations would remain operative. Sanborn v. Gale, 162 Mass. 412, 38 N.E. 710, 26 L.R.A. 864; Brackett v. Perry, 201 Mass. 502, 87 N.E. 903. However, the depositions submitted are not adequate for the resolution of this question, and the motion for summary judgment is not to be taken as a substitute for a trial on the merits. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; American Optical Co. v. New Jersey Optical Co., D.C., 58 F.Supp. 601.

The motion for summary judgment is denied.