*Municipal Court of the City of Boston*

No. 347022

## JENNIE BALFOUR

v.

## JULIUS BLOCK

(December 6, 1954)

*Adlow, C. J.* Action for misrepresentation with respect to the authorized rent ceiling on an apartment in a house sold in 1944 by Julius Block to Jennie Belfour. The action was commenced by writ dated April 30, 1952. (*Tomasello, J.*)

In its aspect most favorable to the plaintiff there was evidence to warrant findings to the effect that:

(1) The seller represented to the buyer that an apartment in the building offered for sale, which apartment was occupied by the defendant's married daughter, had a rent ceiling of $32.00 a month, when the actual rent ceiling of the apartment was $27.00 a month.

(2) That the seller's daughter continued to occupy said apartment after the sale was effected in 1944 and pay $32.00 a month rental for same.

(3) That at a time when a 15% rent increase was permitted by the authorities the rental for the apartment in question was increased to $36.80 which the seller's daughter paid until some time in 1952.

(4) That in 1950 the plaintiff sold the house to one Pinta and represented to said Pinta that $36.80 per month was the authorized rental for the apartment.

(5) That in March, 1952, the plaintiff was notified by the Office of the Housing Expediter that there had been a violation of the law in charging a rental higher than that shown in the original certificate; that as a result of a conference in the Compliance Section of the Office of the Housing Expediter the plaintiff was compelled to pay into the United States Treasury $449.00 with respect to overcharges on the rental of this apartment, and to reimburse Pinta in the amount of $194.00 which sum he had been obliged to pay into the Treasury on account of overcharges while he owned the building.

In this action the plaintiff seeks to recover from the seller the sums paid out by her on account of the complaints arising from these overcharges. The court ruled that the Statute of Limitations barred recovery. In disposing of the many requests for rulings of law filed by the plaintiff, the court made a finding of fact that the daughter of the seller did not act in collusion with him in continuing, over the years following the sale, to pay the rental represented by the seller to be the authorized ceiling rental.

More than six years having elapsed from the time of the sale to the time of the bringing of the writ in this cause, the action for misrepresentation would ordinarily be barred by the Statute of Limitations. G. L. (Ter. Ed.) c. 260, §2, unless the running of the statute was suspended by the fraudulent con-

cealment of the cause of action from the person entitled to bring it by the person liable to such action. G. L. (Ter. Ed.) c. 260, §12. What amounts to fraudulent concealment will depend in a large measure on the relationship of the parties to one another. Thus, a fiduciary has a duty to disclose a cause of action and a failure to do so will constitute conscious concealment. *Old Dominion Copper Co. v. Bigelow*, 203 Mass. 159, 201. Where one withholds property from a mentally retarded brother whose affairs he is managing he owes a duty of disclosure which constitutes conscious concealment sufficient to bar the running of the statute. *Stetson v. French*, 321 Mass. 195. Where one deceived a woman into believing that she had gone through a valid marriage ceremony with him, it was held that the relationship of the parties imported a reliance of one on the other sufficient to constitute the fraud a conscious concealment of the right of action. *Jekshewitz v. Groswald*, 265 Mass. 413, 417, and a trance medium who obtained money from a widow by fraudulently representing that she was in communication with her dead husband was held to be in a position of confidence which would constitute her acts a conscious concealment. *Dean v. Ross*, 178 Mass. 397.

In the absence of a clear-cut fiduciary or confidential relationship, there must be an active concealment of the cause of action if there is to be a suspension of the operation of the Statute of Limitations. *Manufacturers National Bank v. Perry*, 144 Mass. 133; *Falk v. Levine*, 66 F. Supp., 700, 702.

We must distinguish between fraud in inducing the contract, and fraudulent concealment of the cause of action arising therefrom. In the absence of the peculiar personal relationships described above, mere silence or inaction by a wrongdoer will not suspend the operation of the Statute of Limitations. Thus, the statute will run where the defrauded party at all times had the means to detect the fraud and

the wrongdoer did nothing to prevent the victim from discovering the facts. *Farnum v. Brooks,* 9 Pick. 212, 244; *Nudd v. Hamblin,* 8 Allen 130.

A case bearing a strong resemblance to the cause in issue involved the sale by an administrator of land without right. In barring the action by reason of the Statute of Limitations, the court said,

"The only false representation was as to the contents of public records which the plaintiff had full opportunity to examine. If such representations constitute a cause of action, they are not sufficient to prove a subsequent fraudulent concealment of it from the knowledge of the plaintiff." *Walker v. Soule,* 138 Mass. 570, 572.

In view of the fact that the correct rental ceiling was a matter of public record, and the further fact that the seller of the property did nothing after the sale to prevent the discovery of the misrepresentation, the court properly ruled that the action for the deceit brought eight years after the cause of action accrued was barred by the Statute of Limitations. *Connelly v. Bartlett,* 286 Mass. 311, 317-318.

*Report dismissed.*

Bernard Wall, for the plaintiff.

Edward J. Barshak, for the defendant.