MELVIN P. FREEMAN vs. GEORGE W. VENNER.

Suffolk. March 30. — June 23, 1876. DEVENS & LORD, JJ., absent.

One, to whom a mortgagee agreed to assign a note and mortgage, induced the mort-
gagee, by false representations as to its effect, to indorse the mortgage note without
qualification. The mortgagee, upon learning the legal effect of the indorsement,
desired to qualify it, which the assignee would not permit, but, against the mort-
gagee's objection, transferred the note before maturity to a *bonâ fide* purchaser for
value. *Held*, that an action by the mortgagee against the assignee for the con-
version of the note would not lie.

An action of tort for inducing the promisee of a note to indorse it in blank upon its
transfer, by fraudulent representations as to the legal effect of such indorsement,
cannot be sustained before actual payment by the indorser.

TORT. Writ dated December 22, 1873. The declaration al-
leged that on July 16, 1873, James W. Cox and Judah H. Cox
made a negotiable promissory note payable to the plaintiff or
order in the sum of $3500, in two years from date, secured by
mortgage of land in New Hampshire; that on November 21,
1873, the plaintiff and the defendant entered into an agreement
in writing, a copy of which was annexed, and which was in
substance that the defendant agreed to sell and the plaintiff to
purchase a parcel of land in Boston, and in payment therefor to
assign to the defendant a certain mortgage held by him on land
in New Hampshire for the sum of $3500, the deeds to be passed
on December 1, 1873; that on that day the plaintiff assigned
the mortgage mentioned to the defendant, "and by mistake and
inadvertence on his part and through the false and fraudulent
representations of the defendant he indorsed said note in blank,"
and that the defendant, upon request of the plaintiff, refused to
allow him to qualify such indorsement, and against the objec-
tion of the plaintiff negotiated the same to Thomas P. Tenney, a
*bonâ fide* holder for value, and also transferred said mortgage to
him, and that he is held to pay the same. The answer contained
a general denial, and alleged that the plaintiff at the commence-
ment of the action had paid nothing and had sustained no dam-
age by reason of such indorsement.

At the trial in the Superior Court, before *Pitman*, J., without
a jury, it appeared that at the time of indorsing the note, De-
cember 1, 1873, the plaintiff also intentionally assigned to the

defendant the mortgage given to secure said note, and, by the same assignment, the note and the debt secured by the mortgage; that, before commencing his action, or at any time before said trial, the plaintiff had made no payment on account or by reason of the indorsement; that, before the commencement of this action and before the maturity of the note, the makers thereof had become bankrupts; that since the commencement a semi-annual instalment of interest had become due; that Tenney had caused the real estate to be sold by virtue of the power contained in the mortgage, had applied a part of the proceeds of the sale in liquidation of that interest, and, since the maturity of the note, had applied the balance of the proceeds in part payment of the note, and had commenced an action against the plaintiff to recover the balance of said note (due demand having been made and notice given) which action is now pending.

"Upon this evidence, the judge found that from the agreement of the parties the defendant was not entitled to have the personal liability of the plaintiff as indorser of the note, and that the plaintiff, through inadvertence and ignorance of the law and by the misdirection of the defendant, wrote his name so as to become an unqualified indorser of said note; that, as soon as the plaintiff became aware of the obligation he had thereby assumed, and, before the defendant had negotiated the note or altered his position in any way, the plaintiff demanded that the defendant should allow him to qualify his indorsement so that it should merely transfer the title according to the agreement, that the defendant refused, and thereupon the plaintiff forbade him to negotiate the note; but the defendant notwithstanding, and in defiance, immediately negotiated the note before maturity to a *bonâ fide* holder for value."

Upon the foregoing evidence and findings, the defendant requested the judge to rule that the plaintiff could not maintain his action, but, if he could, that he was entitled to recover only nominal damages. The judge declined so to rule, and held that, upon this evidence and these findings, the defendant was liable for the conversion of the note, and that the measure of the plaintiff's damages was the amount which the plaintiff was legally compellable to pay to the holder of the note, namely, the face of the note and interest, less the amount realized from the sale

under the mortgage, treating the same as a partial payment, and gave judgment for the sum of $2465.68. The defendant alleged exceptions.

*G. D. Robinson*, for the defendant.

*I. D. Van Duzee*, for the plaintiff.

COLT, J. It was found as matter of fact by the court in a trial without a jury, that the defendant was not, by the terms of the agreement, relied on by the plaintiff, and made part of the declaration, entitled to hold the plaintiff liable as indorser of the Cox note; and that the plaintiff indorsed the same through inadvertence, ignorance of the law and misdirection of the defendant. The agreement, however, provided for the assignment of the plaintiff's right and interest in the mortgage given to secure the note in question. The court ruled that upon the evidence the defendant was liable for the conversion of the note, and that the measure of damages was the amount which the plaintiff was legally liable to pay the holder of it; namely, the amount due on the same, less the amount realized from the mortgage; and judgment was rendered accordingly.

The difficulty with this ruling is, that upon the facts disclosed there was no conversion of the note. By the terms of the agreement, the defendant was entitled to an assignment of the mortgage debt. The indorsement of the plaintiff transferred the legal title in the note to the person to whom it legally belonged. The gist of the action is the fraud of the defendant in wrongfully obtaining the unrestricted indorsement of the plaintiff, and afterwards, against his objection, negotiating the note to a holder for value without notice. The plaintiff upon his own showing could not impeach the defendant's title to the note and mortgage, or his right to transfer that title to another. The rule of damages for the conversion of a promissory note cannot be applied to such an action. *Mercer* v. *Jones*, 3 Camp. 477. 2 Greenl. Ev. § 649.

The further objection is, that treating this as an action to recover damages for an alleged fraud, the plaintiff shows no damages sustained at the time his action was commenced. It was then uncertain and contingent whether he would ever be called on to pay the note. It was payable to the plaintiff or order in two years, and was dated in July, 1873, shortly before its trans-

fer by his indorsement to the defendant. The liability of the plaintiff depended on the failure of the makers to pay and the giving of due notice to him as indorser. No payment has in fact ever been made by him. If the holder receives his pay from the makers through the mortgage security or otherwise, the plaintiff will have suffered no actionable wrong. There will have been no concurrence of damage with fraud, within the rule on which such actions are founded. And as there has been no invasion of the plaintiff's right, no breach of promise, and no interference with his property, there can be no recovery of even nominal damages in this action. *Pasley* v. *Freeman*, 3 T. R. 51. 2 Smith Lead. Cas. (6th Am. ed.) 157, and notes.

*Exceptions sustained.*