ISAIAH WALKER, JR. *vs.* HARVEY SOULE.

Plymouth.    Oct. 22, 1884.— Feb. 27, 1885.    C. ALLEN & COLBURN, JJ.,
                                absent.

If false representations as to the contents of public records constitute a cause of
action, they are not sufficient to prove a subsequent fraudulent concealment
of it from the knowledge of the person entitled to bring the action, within the
meaning of the Pub. Sts. *c.* 197, § 14.

TORT.    The declaration was as follows : " And the plaintiff
says that the defendant, in the year 1861, was the duly qualified
administrator of the estate of Joseph Pierce, deceased ; that he
falsely and fraudulently represented to the plaintiff that, as
said administrator, he was lawfully authorized, licensed, and
empowered by the Probate Court of said county to sell the real
estate of said deceased ; that by the defendant's said false repre-
sentation, and fraudulent concealment of the facts, in relation to
the true state of the title to said real estate, he falsely and fraudu-
lently induced the plaintiff to pay to the defendant the sum of
seven hundred and fifty dollars, giving to the plaintiff a pre-
tended deed of said real estate, which said deed was wholly void
and worthless; that the plaintiff did not learn or have any
knowledge of the fraudulent statements, acts, misrepresenta-
tions, and concealments of the defendant, in relation to said
title, until within six years now last past.

" And the plaintiff further says that the defendant sold him
a certain lot of land, fully described in a copy of a deed hereto
annexed; and, to induce the plaintiff to buy said land, the de-
fendant falsely represented to the plaintiff that he had good
right to sell said land to the plaintiff, that the title thereto was
good, and that the deed thereof, which the defendant then and
there gave the plaintiff, a copy of which is hereto annexed, was
the proper form of deed to be given, and was a sufficient deed
to pass the property in said real estate.

" That the plaintiff, wholly relying upon said representation,
was thereby induced to buy a deed of said land, and was thereby,
and by other acts, misrepresentations, and misstatements of the
defendant, then and there induced not to examine the record of
the title of said real estate, and said title was not good to said

real estate; that the defendant had no right to sell the said property, as aforesaid, to the plaintiff; the deed aforesaid was wholly invalid, and void; all of which the defendant well knew; and the plaintiff did not learn that said title was invalid, and that the defendant had defrauded him, the plaintiff, until within six years now last past."

Writ dated May 26, 1883. The answer set up the statute of limitations.

At the trial in the Superior Court, before *Gardner,* J., the defendant admitted the facts set forth in the declaration, and relied solely upon the defence set up in the answer. The deed referred to in the declaration was dated May 9, 1861. There was no evidence that the defendant, as said administrator, had filed any petition for, or obtained, a license to sell real estate, or had filed any bond for said sale, or taken the prescribed oath; or that he had, since the transactions described in the declaration, done anything with reference to said property, or to the title to the same.

Upon these facts, the judge ruled that the action was barred by the statute of limitations; found for the defendant; and reported the case for the determination of this court.

If the ruling was correct, judgment was to be entered for the defendant; otherwise, a new trial to be ordered.

*J. F. Simmons,* for the plaintiff.

*C. G. Davis,* for the defendant.

W. ALLEN, J. The action was begun more than twenty years after the cause of action accrued, but within six years after its discovery by the plaintiff. The only question is whether there was any evidence that the defendant fraudulently concealed the cause of action from the knowledge of the plaintiff, within the meaning of the Pub. Sts. *c.* 197, § 14.

There was no evidence of anything done by the defendant after the cause of action accrued, and no evidence of any fraudulent act of his, except in making the representations which constitute the cause of action. The representations alleged are that the defendant was licensed by the Probate Court to sell the real estate of his intestate; that he had good right to sell it; that the title to it was good; and that the deed, a copy of which was in evidence, was in proper form, and sufficient to pass the

property. The only false representations were as to the contents of public records, which the plaintiff had full opportunity to examine. If such representations constitute a cause of action, they are not sufficient to prove a subsequent fraudulent concealment of it from the knowledge of the plaintiff. *Nudd* v. *Hamblin*, 8 Allen, 130. *Judgment for the defendant.*