(15 Misc. Rep. 616.).

SEAMAN v. BECAR.

(Supreme Court, Special Term, New York County.   February, 1896.)

1. DECEIT—ACTIONABLE REPRESENTATIONS.
    While mere expressions of opinion as to the value of property or the ability of the person to sell the property are not actionable, a statement by the owner of property, to induce another to make a loan on the security thereof, that he then had a customer ready and willing to pay a certain amount cash for the property, is one on which an action may be predicated.

2. SAME—PLEADING—DAMAGES.
    A complaint for false representations as to the value of property on the security of which plaintiff was induced to make a loan does not show any damages by a mere allegation that it was not of the value represented, without showing that it was not ample security, or that the borrower was unable to pay the loan, or that there had been any default.

Action by Robert Seaman against Alfred Becar.   Defendant demurs to the complaint.   Demurrer sustained.

George S. Hastings, for plaintiff.
Lucius H. Beers, for defendant.

BEEKMAN, J.   The plaintiff sues to recover damages which, he alleges, have been caused by certain fraudulent representations, made by the defendant, set forth as such in the complaint, in reliance upon which, and in the belief of their truth, he made a loan to another upon the security of a leasehold estate.   The defendant demurs, on the ground that the complaint does not set forth facts sufficient to constitute a cause of action. · The representations relied upon are as follows:

"That the said lease was well worth the cash sum or bonus of not less than $50,000, and that it might be worth a sum far in excess of $50,000; that, in any event, he (said plaintiff) would be perfectly secure in advancing moneys to the said Bailey (the lessee) for the payment of rentals which had accrued and were to accrue upon said lease, and could safely make such advances for all purposes connected with said lease; and that he (said defendant) at any time, was ready and able to sell said lease to a cash purchaser, who was fully informed as to the value thereof, for the sum of not less than $25,000 in cash, and that he (said plaintiff) could absolutely depend upon such representations made as aforesaid by the said defendant, and could in like manner depend upon the sale of said lease if desired by him (said plaintiff) at any time, for the sum of at least $25,000 in cash; that he (said defendant) had a cash customer for said lease, who was then and always ready and willing to purchase such lease at a bonus of $25,000 in cash, and that the only expense attending the sale of such lease to such cash customer for said sum of $25,000 in cash would be a commission at and after the rate of 5 per centum charged by and payable to him (the said defendant)."

With the exception of the statement by the defendant that he had a cash customer for the lease, who was then ready and willing to purchase the same at a bonus of $25,000 in cash, all of the representations were an expression of personal opinion in respect to the value of the property, or in respect to his ability to sell the property, or were promissory in their nature.   It is well settled that such statements are not sufficient upon which to predi-

cate such an action as this. Ellis v. Andrews, 56 N. Y. 83. As was said by Judge Grover in that case (page 86):

"Upon the question of value, the purchaser must rely upon his own judgment, and it is his folly to rely upon the representations of the vendor in that respect."

Actionable fraud consists in misrepresentation or concealment as to the existence or nonexistence of some fact or circumstance. Such an action cannot, therefore, be based upon the expression of hopes, expectations, and beliefs. Farrington v. Bullard, 40 Barb. 512, 516; Sawyer v. Prickett, 19 Wall. 146, 163; Gallager v. Brunell, 6 Cow. 347; Lexow v. Julian, 21 Hun, 577.

The allegation, however, that the defendant represented he had a cash customer for the lease, who was then and always ready and willing to purchase the same at a bonus of $25,000 in cash, presents greater difficulty. This undoubtedly involves the assertion of an existent fact. It becomes, therefore, necessary to consider its materiality, and in what respect it could have operated upon the mind of the plaintiff in inducing action on his part. I think it is well settled that a statement in respect to the market price of an article is such a representation as to support an action for its falsity. As demand fixes the market price, the statement of a fact tending to show that the article in question can at the time be sold for a certain sum is a most important element in determining its value; and a careful and prudent person, believing such a statement to be true, would be justified in the opinion and belief that the property was worth at least the amount which another was then ready and willing to pay for it. In this sense I think that the statement made by the defendant in this regard, assuming it to be false, as we must for the purposes of this demurrer, was actionable.

Except for another objection to the complaint, which I deem to be fatal, I should, therefore, overrule the demurrer. It is essential to a cause of action of this character that, in addition to the falsity of the representations and the reliance upon them by the plaintiff, the latter should aver and prove that he has suffered damages by reason of the deceit which has been practiced upon him. The complaint is silent upon this point. The plaintiff alleges that, in reliance upon the representations in question, he made large advances to the lessee upon said lease as collateral security, amounting in the aggregate to the sum of $9,412.50. He does not allege that the advances which he made to the lessee are due and payable, or that the lessee is not abundantly able to meet the same when they become due, or that there has been any default on the part of the lessee in the payment of the same or of any part thereof; nor does he allege that the lease is not abundant security for the payment of the amount of money so advanced. In fact, there is absolutely nothing upon the face of the complaint which shows or tends to show that the plaintiff is not abundantly secured for his debt, or that he will not be promptly paid as soon as the same matures. It is true, in setting forth the falsity of the representations which were made, the plaintiff says:

"That it was not true, as asserted by said defendant, that the said lease was well worth the sum or bonus of $25,000, and the statements to such effect made by said defendant were absolutely false."

But this allegation is quite consistent with a value of $19,000, which would be almost double the amount of the loan, and which would render the security as ample as the most exacting and conservative lender could wish. He also says:

"That it was not true that the said lease was good and valid security to this plaintiff for all moneys which he might advance thereon, and the statements to that effect made by the defendant to this plaintiff were wholly and absolutely false."

But this does not involve the assertion of any fact, nor does it afford any indication of value beyond the opinion of the pleader, utterly unsupported by facts, which the court is entitled to have before it in order to determine the question of the sufficiency of the security. The other allegations under this branch of the complaint, briefly stated, are that it was not true that the lease was worth the cash sum of not less than $50,000; that the plaintiff would be perfectly secure in advancing the moneys in question; that the defendant was ready and able to sell the lease to a cash customer, known to or controlled by him, for not less than $25,000 cash; that the plaintiff could absolutely depend upon such representations, and upon the sale of the said lease, if desired by him at any time, for not less than $25,000 in cash; and that the defendant had a cash customer for said lease at a bonus or premium of $25,000 in cash.

Aside from the objection, which, as I have stated, seems to be well founded, that these representations thus pronounced to be false are substantially expressions of opinion, which are not actionable, none of them asserts any fact from which it can be properly inferred that the plaintiff has suffered any damage by reason of them. Had he been a purchaser of the lease, a different case would have been presented; but his only act in reliance upon the representations was the lending of a certain sum of money. He can, therefore, only show that he has suffered damage by proof that he has lost the whole or some part of the amount so advanced. It was, therefore, incumbent upon him to allege damage in that regard. This, as we have seen, he has utterly failed to do, and for that reason no cause of action has been stated. Improvement Co. v. Chapman, 118 N. Y. 288, 23 N. E. 187; Freeman v. Venner, 120 Mass. 424. In the case last cited certain fraudulent representations were made which induced the plaintiff to indorse a note. An action was brought to recover damages for the alleged fraud before the note matured. It was held that the action was premature. Colt, J., in giving the opinion of the court, states:

"If the holder receives his pay from the makers, through the mortgaged security or otherwise, the plaintiff will have suffered no actionable wrong. There will have been no concurrence of damage with fraud, within the rule upon which such actions are founded."

The demurrer must, therefore, be sustained, with costs, with leave to the plaintiff to serve an amended complaint within 20

days after service upon him of a copy of the interlocutory judg-ment, on payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend.