GEORGE A. BRACKETT & another, trustees, vs. ALONZO
W. PERRY.

Norfolk.    March 8, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Statute of Limitations.    Deceit.*

Where a prospective purchaser of land, by falsely and fraudulently representing
to the owner that no broker had brought the matter to his attention and that
therefore the owner would not have to pay a broker's commission if he pur-
chased the land, induced the owner to agree in writing to sell the land to him for
a price less than that for which it would have been sold if the owner had had to
pay a broker's commission, and the agreement was carried out, the owner had a
cause of action against the purchaser which became complete upon the making
and carrying out of such agreement, and which, under R. L. c. 202, § 2, cl. 2, be-
came barred in six years from that time, although the owner was not compelled
to pay a judgment in an action against him by the broker for his commission
until three years after the sale of the land had been consummated.

The facts that, shortly after the owner of land has been induced to sell it at a price
which was a reduction from the price for which he formerly had offered it, caused
by false and fraudulent representations by the purchaser to the effect that no
broker had been concerned in the matter in any way, a broker in whose hands
the owner had placed the land for sale demands his commission and informs the
owner that he procured the purchaser, but, upon the owner's stating that fact
to the purchaser, the latter repeated his false statement and, in an action by the
broker against the owner for a commission, testified to the same effect, will not
warrant a finding that the purchaser fraudulently concealed from the owner the
owner's right of action in deceit against the purchaser, or under R. L. c. 202, § 11,
allow such action to be brought more than six years after the time when the
cause of action became complete.

Under R. L. c. 202, § 11, providing that, if a person who is liable to a personal action
fraudulently conceals the cause of such action from the knowledge of the person
who is entitled to bring it, the period previous to the discovery of his cause of
action by the person who is so entitled shall be excluded in determining the time
limited for the commencement of the action, full means of detecting the fraud
by which the cause of action is concealed under circumstances calling for an in-
quiry is equivalent to knowledge of the cause of action.

TORT for deceit.    Writ in the Superior Court for the county
of Norfolk dated January 26, 1906.

The defendant in his answer set up the statute of limitations,
alleging that the cause of action did not accrue within six years
before the date of the writ, as required by R. L. c. 202, § 2, cl. 2.

The case came on to be tried before *Fox*, J.    The counsel for

the plaintiffs in his opening statement to the jury said in substance that the facts upon which the plaintiffs relied were as follows:

About July 7, 1899, the plaintiffs placed certain land in the hands of one Jenks, a real estate broker, to be sold at the price of $200,000, Jenks to be allowed a commission of one per cent if he effected a sale. Jenks procured the assistance of another broker, one Wood, who called the matter to the attention of the defendant, went over plans and had an extended conference with him. On July 15 and several times subsequently until August 3, 1899, the defendant saw the plaintiff Brackett personally and negotiations took place which culminated on August 3 in the plaintiffs signing an agreement in writing to convey the land to the defendant for $196,500, $2,000 of the reduction in price being caused by the plaintiffs relying upon statements by the defendant that " no broker in any sense had brought the matter to his attention and that consequently Mr. Brackett would not have to pay a commission to any broker." The defendant made such representations although he knew that Wood was acting for Brackett in regard to the land.

On August 3, 1899, Wood learned of the sale and told Jenks, and shortly afterwards Jenks demanded a commission from the plaintiffs. The plaintiff Brackett thereupon informed the defendant that such a claim had been made, but the defendant again told him that no broker had been interested in the matter in any way.

The sale was consummated on September 1, 1899. Jenks brought an action of contract for his commission against the plaintiffs a little later. At the trial of the action, the defendant in this action testified that no broker had at any time called his attention to the fact that the land was for sale, and that no broker had been in any way concerned in the matter of the purchase of the land by him. Jenks recovered judgment against the plaintiffs for $2,439.26 in October, 1902, and the plaintiffs paid the judgment.

At the close of the opening statement, the presiding judge at the request of the defendant ordered a verdict for the defendant and, the plaintiffs excepting, reported the case for determination by this court, judgment to be entered on the verdict if the ruling was correct, otherwise a new trial to be ordered.

*N. T. Abbott,* for the plaintiffs.

*J. E. Hannigan,* for the defendant, was not called upon.

SHELDON, J. The plaintiffs contend that their cause of action did not accrue and that the statute of limitations did not begin to run until October, 1902, when Jenks recovered judgment against them. They rest this contention on the well recognized doctrine that in an action to recover damages for deceit the plaintiff must show not only that deception was practised upon him, but that it was practised to his loss; that this was not an absolute wrong, for which the injured person may recover at least nominal damages, like one who sues for a breach of contract or the invasion of an absolute right, but that it was merely ground for an action on the case, *ex delicto,* in which recovery can be had only upon proof of both injury and damage. *Wellington* v. *Small,* 3 Cush. 145, 149. *Hayward* v. *Draper,* 3 Allen, 551, 552. The gist of the action is the damage which has been wrongfully done to the plaintiffs. *Boston* v. *Simmons,* 150 Mass. 461, 463. *Fottler* v. *Moseley,* 179 Mass. 295, 298. *Lewis* v. *Corbin,* 195 Mass. 520, 524. The same rule is applicable to an action to recover for personal injuries caused by the negligence of another. *Sullivan* v. *Old Colony Street Railway,* 200 Mass. 303.

But in this case the damage done to the plaintiffs was not that they were made liable to Jenks for a commission. That liability would have existed if the defendant in this action had not been guilty of any fraud. The damage which the defendant intended to do and actually did to the plaintiffs was to persuade the latter, by reason of the false representations made by him, to sell their property to the defendant for $2,000 less than the price which they otherwise would have demanded; and that damage was suffered, and the plaintiffs' cause of action against the defendant became complete, as soon as the plaintiffs bound themselves to convey the land to the defendant for the inadequate price, and carried out that agreement. That is the principle of *Kilgore* v. *Bruce,* 166 Mass. 136, in which the fraud was practised upon the buyer instead of the seller.

But if the plaintiffs' cause of action was fraudulently concealed from them by the defendant, then the statute of limitations would begin to run against the plaintiffs only when they had

discovered the cause of action. R. L. c. 202, § 11. The plaintiffs contend that it might have been found here that the defendant's persistence in his false statements that no broker had brought this matter to his attention, even after Jenks and Wood had informed the plaintiffs that the contrary was the fact, was a fraudulent concealment of the cause of action within the meaning of this statute, and that the plaintiffs did not discover the cause of action until Jenks recovered judgment against them in October, 1902.

But the defect in this contention is that the plaintiffs had full information of the true state of the facts from Jenks and Wood in August, 1899, and the fact that they chose to believe the reiterated statements of the defendant rather than those of Jenks and Wood would not do away with the fact that they had then as full information as they appear to have gained at any later time. Full means of detecting the fraud which had been practised upon them, under circumstances which put them upon inquiry, is equivalent to actual knowledge. *Farnam* v. *Brooks*, 9 Pick. 212, 245. *Nudd* v. *Hamblin*, 8 Allen, 130, 131, 133. The mere reaffirmation of the fraudulent representations which gave the right of action, especially when made by one who is under no fiduciary duty and to one who has already received full information to the contrary, scarcely can be called such a fraudulent concealment as will justify inaction by one who has a right of action for the original wrong. *Sanborn* v. *Gale*, 162 Mass. 412. *Walker* v. *Soule*, 138 Mass. 570. *Jackson* v. *Buchanan*, 59 Ind. 390. And see further the cases collected in 19 Am. & Eng. Encyc. of Law, (2d ed.) 251, and 25 Cyc. 1186.

The plaintiffs' cause of action did not accrue within the six years preceding the date of their writ, and the jury would not have been warranted in finding that it had been fraudulently concealed from their knowledge by the defendant. The trial judge correctly ruled that the statute of limitations was a bar to the maintenance of the action. According to the terms of the report, there must be

*Judgment on the verdict.*