JOHN J. CONNELLY *vs.* S. SLATER & SONS, INCORPORATED.

Suffolk.   October 17, 1928. — November 27, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Broker,* Commission. *Corporation,* Officers and agents. *Evidence,* Competency. *Agency,* Scope of authority, Ratification by principal.

At the trial of an action by a broker against a corporation to recover a commission alleged to have been earned by the plaintiff in procuring a purchaser for certain mills and other property owned by the defendant, testimony by the plaintiff, that in conversations with the president and treasurer of the defendant he was employed by them to procure a purchaser and was promised a certain commission if he succeeded, properly was excluded, there being nothing in the by-laws of the defendant, and no vote of the stockholders, to show that those officers had any authority on behalf of the corporation to employ the plaintiff for such purpose.

The conversations above described were in March, 1922.  As a result of negotiations beginning in November, 1922, between the defendant's president and the customer alleged to have been procured by the plaintiff, the stockholders of the defendant in April, 1923, authorized a sale of the property to the customer, which was thereupon consummated, this being the first official action by the stockholders in regard to a sale. It did not appear that the alleged employment of the plaintiff was brought to the attention of the stockholders or the directors previous

to the sale. The judge ordered a verdict for the defendant. *Held*, that the evidence did not warrant a finding that the defendant corporation ratified the alleged employment of the plaintiff, and the verdict properly was ordered for the defendant.

CONTRACT by a broker to recover a commission alleged to have been earned by him by procuring the American Woolen Company as a purchaser of certain woollen mills and other property of the defendant. Writ dated June 5, 1925.

In the Superior Court, the action was tried before *Raymond*, J. There was evidence that, in March, 1922, the plaintiff had a conversation with one Bartlett, treasurer of the defendant, and with one Brown, president of the defendant. The judge excluded evidence that, in the conversation with Bartlett, Bartlett said "they had agreed to sell the mills," asked the plaintiff to secure a customer, said that he (Bartlett) had authority to act in the matter, and that the plaintiff could talk with Brown; and evidence that, in the conversation with Brown, the plaintiff stated to Brown that he was calling on him at Bartlett's suggestion; that the plaintiff proposed to submit the defendant's property to several persons; that Brown then said the plaintiff should submit the proposal to such persons; that, if the plaintiff succeeded in interesting any one, Brown would deal with him directly or through the plaintiff, and that the plaintiff in such event would be paid a commission of a certain sum. Evidence was admitted that the plaintiff wrote in March, 1922, to one Wood, president of the American Woolen Company, quoting certain figures as a selling price for the defendant's property, and stating that Wood could take the matter up with Brown; that Wood replied to the plaintiff that he would not take up any proposition except with Brown directly but would be glad to go over the matter with Brown; that Brown had a copy of Wood's reply to the plaintiff and wrote Wood that, if the property were to be sold, he preferred to deal directly with Wood; that, as a result of negotiations beginning in November, 1922, between Wood and Brown, the stockholders of the defendant in April,

1923, authorized a sale of the property, which was thereupon consummated. The defendant's by-laws were put in evidence and did not specifically authorize the president or the treasurer to sell the defendant's property or to employ a broker for such purpose.

The defendant rested at the close of the evidence for the plaintiff, and the judge ordered a verdict in its favor. The plaintiff alleged exceptions.

*W. Flaherty, F. P. Ryan, & S. Perman,* for the plaintiff, submitted a brief.

*F. W. Knowlton,* (*C. F. Choate, 3d, & R. Wait* with him,) for the defendant.

SANDERSON, J.   In this case the plaintiff is seeking to recover a commission as broker for the sale made by the defendant to the American Woolen Company referred to in *Horowitz* v. *S. Slater & Sons, Inc., ante,* 143.

For reasons already appearing in that case, the rulings excluding the conversations between the plaintiff and Brown and between the plaintiff and Bartlett upon which proof of any contract of employment depended were right. It appeared that at the time of the conversations Brown was president and director and Bartlett treasurer and director of the defendant corporation.

No vote of the stockholders was introduced in evidence in this case, and the fact that the mills were sold to the American Woolen Company, when considered with all the other testimony, would not justify a finding of ratification of the plaintiff's employment.

It did not appear that any information concerning such employment was brought to the attention of the stockholders or other directors up to the time the sale was consummated. *Beacon Trust Co.* v. *Souther,* 183 Mass. 413. *Banca Italiana Di Sconto* v. *Columbia Counter Co.* 252 Mass. 552, 559. No error appears in the rulings during the trial nor in the order directing a verdict for the defendant.

*Exceptions overruled.*