FREDERICK T. BOYLE *vs.* FANNIE GOLDENBERG.

Middlesex. December 6, 1928. — April 1, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Broker*, Commission. *Pleading, Civil*, Declaration.

At the trial of an action for a commission by a broker against an owner of land, there was evidence that the defendant agreed to pay the plaintiff a commission for procuring a purchaser of the property and gave the plaintiff certain information as to the property, stating his "asking price" to be a certain amount; that, relative to the selling price and the amount of cash to be paid down, the defendant said to the plaintiff to bring in a buyer and terms could be arranged then; that the next day the plaintiff showed a customer the property, introduced him to the defendant, and gave him the information as to the property; that the customer said he would think it over; that the plaintiff saw the customer frequently for a period of time, and then learned, about a month after he had been hired by the defendant, that the customer had bought the property for a price less than the "asking price" specified by the defendant; and that the defendant then said to the plaintiff, "You [the plaintiff] didn't sell it to him [the purchaser] when you had him here, my son called down later and sold it to him." The purchaser testified that the sale was brought about by the defendant's son. The trial judge denied a motion by the defendant that a verdict be ordered in his favor. *Held*, that

(1) Findings were warranted that the "asking price" was not the final price for which the plaintiff was hired to sell the property, but that the defendant left the price open for further negotiations; and that the defendant's offer was to pay the plaintiff a commission if he secured a customer who eventually should purchase the property on terms mutually satisfactory to the customer and the defendant;

(2) A finding was warranted that the plaintiff's authority was not revoked by the defendant;

(3) The motion by the defendant properly was denied.

The declaration ·in the action above described contained an allegation that the plaintiff was hired to procure a purchaser "on the terms as offered by the defendant." No question as to the pleadings was raised by the defendant at the trial. It *was stated* that the declaration was sufficient to entitle the plaintiff to recover on the evidence.

CONTRACT by a broker for a commission. Writ dated March 27, 1924.

The declaration, and material evidence at the trial of the action in the Superior Court before *Sisk*, J., are described in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in her favor. The jury found for the plaintiff in the sum of $2,214, and the defendant alleged an exception.

The case was submitted on a brief by the defendant at the sitting of the court in December, 1928, and afterwards was submitted on such brief to all the Justices.

*L. Luftman*, for the defendant.

No argument nor brief for the plaintiff.

CARROLL, J. This is an action to recover upon a contract by which the defendant agreed to pay the plaintiff a commission if he procured a purchaser of certain real estate owned by the defendant and her sister.

The plaintiff testified, in substance, that the defendant "gave him the details of the property, telling him that if he brought a buyer who was ready she would talk business." She told him there were sixteen apartments subject to a first mortgage of $35,000 and a second mortgage of $13,000, and that the income was $11,000 annually. She said her "asking price was $70,000." The plaintiff then asked her "if $70,000 was her bottom figure," and she replied, "Well, bring in a buyer and we will talk that later." The plaintiff also testified that he asked the defendant "about the cash," and she said the mortgages were $48,000, and it required $22,000 to do business. He said "that was a lot of money," and she answered, "Well, you bring down a buyer who would be interested to buy and we can arrange terms then."

It could have been found that this talk between the plaintiff and defendant took place on the first Saturday of January, 1924. The plaintiff interviewed one Luzackas, and

on the Sunday following the conversation with the defendant took him to see the property and introduced him to the defendant, and informed her that he brought him "to look at the property as a buyer." The defendant showed the apartments to Luzackas who said he would think it over and see the plaintiff later. The defendant said to Luzackas according to the plaintiff's testimony, "Mr. Boyle has a statement on it and he can give you the statement." The plaintiff gave Luzackas the statement showing the asking price, description, "amount of rentals and mortgages." He also brought another person to examine the property. The plaintiff was asked when he next saw the defendant and answered, "I brought buyers there all the time but they were never interested enough to go to see her, it must have been six weeks." The plaintiff further testified that he saw Luzackas about three days after he looked over the property, and that he was "frequently at Mr. Luzackas' offices." In March, 1924, the plaintiff learned that Luzackas had bought the property. He then saw the defendant and she said, "My son and I have decided not to sell the property." "You didn't sell it to him [Luzackas] when you had him here, my son called down later and sold it to him." The agreement of sale between the defendant and Luzackas was dated February 15, 1924.

At the first conversation of the plaintiff and defendant, she told him if he brought a person who was ready to purchase the property the plaintiff would be paid the regular commission. The evidence showed that the property was sold to Luzackas for $66,000; and he testified that the sale to him was brought about by the defendant's son. At the close of the evidence the defendant moved for a directed verdict. The motion was denied and the jury found for the plaintiff. It has frequently been decided that a broker earns his commission if he is hired to find a customer and he finds one who is ready, able and willing to buy according to the terms of the owner. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. See *Taylor* v. *Schofield*, 191 Mass. 1. The plaintiff must comply with the defendant's terms, and if her agreement was that the plaintiff was to procure a purchaser at the price of

$70,000, the plaintiff did not earn his commission if the property was finally sold at a smaller price. *Elliott* v. *Kazajian*, 255 Mass. 459. *Walsh* v. *Grant*, 256 Mass. 555.

But the jury could have found that the price was not limited to $70,000; that this was her asking price; that she left the price open for further negotiations. It could have been found that the defendant desired to sell for $70,000 if she could obtain it, but this was not final. Her conversation showed that she might sell for a less price, and in effect she told the plaintiff to bring a customer and "we can arrange terms then." The plaintiff secured the customer and later the defendant sold to him on terms which were mutually satisfactory. Considering all the evidence, in the opinion of a majority of the court, the jury could have found that the defendant's offer to the plaintiff was in effect a promise to pay him a commission if he brought to her one who finally became the buyer. It was a question of fact for the jury to decide what the terms of the offer were, and whether the plaintiff complied therewith.

It was also a question of fact for the jury whether the offer made by the defendant to the plaintiff was withdrawn. The jury could refuse to believe that the offer was withdrawn and they could find that the plaintiff's authority was not revoked.

The declaration alleged that the plaintiff was to procure a purchaser "on the terms as offered by the defendant." The defendant contends that the plaintiff cannot recover on this declaration. No question of pleading was raised at the trial or called to the attention of the judge. Even if this question was raised at the trial, a recovery could be had on the declaration on the ground that the declaration is only for procuring a customer, not for making a sale, and the terms offered could be found to be the price upon which the defendant might finally agree.

*Exceptions overruled.*