JOHN J. CONNELLY *vs.* SPAULDING BARTLETT.

SAME *vs.* JACOB F. BROWN.   .

Worcester.   April 6, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Deceit.   Damages,* In tort.   *Limitations, Statute of.   Fraud.*

One of the essential elements which must be proved by the plaintiff in an action for deceit is that the wrong of the defendant caused him damage; if such damage is not proved, the defendant cannot be held liable.

Even if an officer of a corporation falsely represented to a broker that he was authorized by the corporation to hire the broker to procure a purchaser of its property, and told the broker that he was hired for that purpose, as a result of which the broker communicated with a customer who subsequently purchased such property, the broker could not recover in an action for deceit against the officer where it appeared that the plaintiff was not the efficient cause of the sale, that what he did would not have entitled him to a commission from the corporation even if he had had a valid contract with it and that his failure to do sufficient to earn a commission was not a consequence of the defendant's misrepresentations, there being nothing to show, and no contention by the plaintiff, that he was entitled to damages for loss of time or expense or other consequential damages resulting from the defendant's misrepresentations.

A cause of action for deceit arises at the time the alleged misrepresentation is made.

In the absence of a fiduciary relationship between one who has a cause of action for deceit and the one against whom the cause of action lies, a fraudulent concealment thereof by the wrongdoer within the meaning of G. L. (Ter. Ed.) c. 260, § 12, must consist of positive and active conduct by the wrongdoer with a view to concealment; mere silence on the part of the wrongdoer or failure by him to disclose the cause of action to the other person is not sufficient.

In the action above described by the broker against the officer of the corporation, it appeared that, after the sale of the corporation's property and about a year after the defendant had made the alleged misrepresentation to the plaintiff, the plaintiff wrote a letter to the corporation asserting that he had been hired by an agent thereof and suggesting a conference with respect to his commission, and received from the corporation a letter stating that the defendant denied having hired the plaintiff and denying that an agreement of hire had been made in behalf of the corporation; that the plaintiff thereupon showed the corporation's letter to the defendant, who said that he would not do the plaintiff any harm and that he was entitled to his · commission; and that otherwise there were no communications between the plaintiff and the defendant between the time of the alleged misrepresentation and the commencement of the action, which was begun more than seven years later. *Held*, that

(1) There was no fiduciary relationship between the plaintiff and the defendant;

(2) No active and positive conduct on the defendant's part with a view to concealing from the plaintiff his cause of action appeared, and consequently there was no fraudulent concealment thereof by the defendant under said § 12; the defendant's statement to the plaintiff after being shown the letter from the corporation to the plaintiff was at most a mere reiteration of his original representation made after the plaintiff had gained knowledge of the falsity thereof, and did not constitute such a fraudulent concealment;

(3) The action was barred by G. L. (Ter. Ed.) c. 260, § 2.

Two ACTIONS OF TORT. Writs dated June 21, 1929.

The actions were tried together in the Superior Court before *Broadhurst*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant in each action. The plaintiff alleged exceptions. ·

*J. E. Casey*, for the plaintiff.

*E. O. Proctor*, for the defendant Brown.

*L. E. Stockwell*, for the defendant Bartlett.

DONAHUE, J. These are actions of tort for deceit based upon the misrepresentation alleged to have been made in March, 1922, by the defendant in each case that he was authorized to employ the plaintiff for the purpose of procuring a customer for the business, assets and capital stock of S. Slater & Sons, Incorporated, hereinafter referred to as the Slater company. At the time of the alleged misrepresentation, that company was engaged in the manufacture of woollen and cotton goods in the town of Webster, and the plaintiff was in the real estate and insurance business in

that town.   The defendant Bartlett was the treasurer and a director, and the defendant Brown was the president and a director, of the Slater company.   The cases were tried together in the Superior Court and at the close of the evidence the trial judge directed a verdict for each defendant; the plaintiff's exceptions thereto are here presented in a single bill of exceptions.

The plaintiff testified that on March 4, 1922, in response to a telephone call he went to the office of the defendant Bartlett whom he had known for fifteen years, and that Bartlett said that he had received word from the defendant Brown that the Slater mills were to be sold and that he was authorized to employ some one "to sell them and find a customer."   The plaintiff replied that he would be "glad to handle it" and could probably find a customer. Bartlett told the plaintiff to get busy, that the plaintiff was the only broker authorized to sell the property and that with respect to Bartlett's authority the plaintiff could see Brown the following Monday.   The plaintiff did see Brown on March 14, 1922, and Brown told the plaintiff to go ahead and get a customer and he would get a suitable commission if he found a customer; that he was the only authorized broker; that the best prospect was the American Woolen Company; and that all the plaintiff had to do was to get some one interested as a purchaser and the plaintiff would get a suitable commission when the deeds were passed.   The plaintiff saw some of the officers of that company and as a result, on March 15, 1922, wrote to its president, Wood, that through the courtesy of Bartlett he was writing to inform Wood that the Slater company would consider an offer of $2,188,985 for their plants.   Wood replied by a letter dated April 10, 1922, stating in substance that during the last few months another person had called on him several times in regard to an alleged desire of the Slater interest to sell out but that he had then declined to consider any proposition that did not come through Brown; that his attitude was the same with regard to the proposal in the plaintiff's letter and that if the property was for sale he would consider only a proposition coming from Brown.

The plaintiff further testified that on June 12 he showed the Wood letter to Brown who told the plaintiff to pay no attention to it and said he was glad that things had turned out as they had and he would take care of Wood when he saw him. The plaintiff did not see Wood personally or communicate with him in any way after sending the letter of March 15, 1922. He had no written communication with the American Woolen Company except by that letter and another letter dated March 31, 1922, addressed to a vice-president of that company containing a copy of the annual report for the year 1921, filed by the Slater company at the State House.

In the following year on April 24, 1923, after negotiations between the Slater company and Wood as president of the American Woolen Company, a contract of sale was entered into by the two companies. On April 28, 1923, the plaintiff sent a letter to H. N. Slater, who was then the president of the Slater company, stating it to be his understanding that a sale of part of the Slater plant was to be consummated on May 1, and asking for a conference with regard to a commission. He wrote that he had "submitted the proposition to the American Woolen Company in March 1922 as Agent," that the matter was placed in his hands by Bartlett and that the "agency was confirmed" by Brown with an agreement on behalf of the Slater company to pay the plaintiff a commission if the transaction was consummated. He received a reply from Slater dated April 30, 1923, stating in substance that the latter saw no necessity for a conference, that Bartlett absolutely denied placing in the plaintiff's hands the sale of the property or authorizing him in any way to act as agent or broker and that Brown denied making any agreement on behalf of the Slater company to pay the plaintiff a commission. The plaintiff testified that on the day of the receipt of this letter he showed it to Bartlett who said he would not do the plaintiff any harm and that he was entitled to his commission.

It was agreed at the trial that on June 11, 1923, a deed conveying five parcels of land and including buildings and machinery was executed and delivered by the Slater company

to the American Woolen Company and on the same day a bill of sale of certain materials and supplies was delivered, the total consideration being $1,919,525.74.  The plaintiff brought suit against the Slater company for a commission on the sale.  In this court an opinion sustaining a decision adverse to the plaintiff in the Superior Court was handed down on November 27, 1928 (*Connelly* v. *S. Slater & Sons, Inc.* 265 Mass. 155).  The plaintiff testified that until then he did not know that Bartlett and Brown had no authority from the Slater company to authorize a sale of its property. The writs in the present cases are dated June 21, 1929.

One of the essential elements which must be proved by a plaintiff in an action for deceit is that the wrong of the defendant caused him damage.  *Goodwin* v. *Dick*, 220 Mass. 556. Although all other elements may be established legal liability does not exist in the absence of such proof.  *Des Brisay* v. *Foss*, 264 Mass. 102, 111.  Deceit is "not an absolute wrong, for which the injured person may recover at least nominal damages, like one who sues for breach of contract or the invasion of an absolute right."  *Brackett* v. *Perry*, 201 Mass. 502, 504.  *Freeman* v. *Venner*, 120 Mass. 424, 427.  No actionable wrong has been done unless provable damage has resulted.  *Gurney* v. *Tenney*, 197 Mass. 457, 465.  *Lewis* v. *Corbin*, 195 Mass. 520, 524.  *Randall* v. *Hazelton*, 12 Allen, 412, 415.  Where a plaintiff does not prove that he is worse off than if there had been no misrepresentation he has not made out a case of deceit.  *Brackett* v. *Perry*, 201 Mass. 502.  *Dawe* v. *Morris*, 149 Mass. 188. *Bradley* v. *Fuller*, 118 Mass. 239.  *Whitney* v. *Blanchard*, 2 Gray, 208.  If, as represented by the defendants, they had authority to employ the plaintiff, according to the plaintiff's testimony as to what was said by them, it was an employment to procure a customer who was ready, able and willing to purchase the property on terms satisfactory to the Slater company.  *Boyle* v. *Goldenberg*, 267 Mass. 24. Under such an employment if a plaintiff is successful he is entitled to a commission as his only compensation, if he does not succeed he is not entitled to compensation for time or money spent by him in the effort to procure such a cus-

tomer.  *Cadigan* v. *Crabtree,* 179 Mass. 474, 480, 481.  It is the plaintiff's contention that he is entitled to recover as damages for the alleged fraud of the defendants an amount equal to the commission he would have earned if the defendants had been authorized to employ him and he had been successful in his efforts.  It has not been suggested that he was here entitled to recover the value of time or money spent by him in the effort to procure a customer and there was no evidence of the amount or the value of the time devoted by him to that purpose or of any money spent by him in the effort to accomplish it.  On the evidence a finding was not warranted that what the plaintiff did was enough to permit his recovering a commission if he had a valid contract with the Slater company.  The evidence does not show that through his efforts the American Woolen Company became the purchaser.  He talked with officials of that company who referred him to Wood, the president; he wrote one letter to Wood stating that the Slater company would sell for a price named; he received in reply a letter which in substance said that Wood would deal with no one but Brown.  That in effect is all that the plaintiff did.  He never communicated further with Wood, and never spoke to him about the sale.  He did not introduce Wood to Brown or Bartlett and brought no offer from Wood to the Slater company.  There was evidence that Wood had known and had business dealings with Brown for twenty-five years.  The sale was made over a year later.  Upon the testimony most favorable to the plaintiff, there is nothing which tends to show that he interested Wood in the purchase or that the American Woolen Company became the purchaser as the result of anything done by the plaintiff.  Compare *Horowitz* v. *S. Slater & Sons, Inc.* 265 Mass. 143, 153.  The plaintiff never earned a commission.  That he did not was not a consequence of the misrepresentations of the defendants.  He would not have been entitled to a commission if what was represented to him by them was true.  He failed to do the things which alone would have entitled him to a commission and the failure to earn one was not a damage resulting from the defendants' misrepresentations.  He introduced no evidence upon

which any damages for loss of time or for expenses incurred or for other consequential damage could be assessed. Since there was not evidence warranting a finding of damages resulting from the alleged misrepresentations of the defendants a verdict for each was rightly directed.

There is another reason which prevents the plaintiff's recovery. His causes of action in tort for deceit accrued at the time the defendants made the representations which the plaintiff testified he relied upon, that is, in March, 1922, and he did not bring these actions until more than seven years later. The statute of limitations, which was pleaded by the defendants, restricts the time for bringing actions of tort to a period of six years from the accrual of such actions (G. L. c. 260, § 2). The statute is here a complete bar unless as provided in § 12 the defendants fraudulently concealed from the plaintiff the fact that he had such causes of action, in which event the statute of limitations would run from the time that the plaintiff discovered that fact. The evidence does not warrant the finding that he comes within this exception to the general statute.

In its original form (Rev. Sts. c. 120, § 11) the section which is now G. L. (Ter. Ed.) c. 260, § 12, was drafted by commissioners appointed to revise the statutes, it being their stated purposes with reference to this section "to settle the rule definitely" since the decisions in this Commonwealth up to that time were not "in all respects precisely alike," to extend the principle "to actions of every description; but to confine it to cases in which . . . *the cause of action is fraudulently concealed by the defendant from the knowledge of the plaintiff.*" (See note to § 11, Rev. Sts. c. 120, in Report of Commissioners, 1834. See also note to § 11, R. L. c. 202, Report of Commissioners, 1901.) Our decisions since the passage of this section have consistently proceeded on the theory that its application must be so confined. If the cause of action be deceit there must be after its accrual a fraudulent concealment by the defendant of the initial fraud on which the cause of action is based. See *Walker* v. *Soule,* 138 Mass. 570. The silence of a defendant, his failure to disclose his deceit to the plaintiff,

under our decisions, is not ordinarily the fraudulent concealment which this section contemplates as a bar to the operation of the statute of limitations. *Nudd* v. *Hamblin,* 8 Allen, 130, 134. *Leslie* v. *Jaquith,* 201 Mass. 242. *O'Brien* v. *McSherry,* 222 Mass. 147, 150. *Maloney* v. *Brackett,* 275 Mass. 479, 484. There may exist between parties at the time a cause of action for deceit accrues a confidential, fiduciary relationship which has imposed upon one an independent and continuous obligation to inform the other as to all the facts in the transaction in which the deceit was perpetrated. Continued silence on the part of such a wrongdoer in violation of his duty under such a relationship which he has entered into, may amount to a fraudulent concealment of the cause of action. *Atlantic National Bank* v. *Harris,* 118 Mass. 147. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 201. *Jekshewitz* v. *Groswald,* 265 Mass. 413. There was here no such relationship between the parties. When the relationship of principal and broker is once established it has personal and confidential aspects, *Ginsburg* v. *Goddard,* 244 Mass. 481; *Quinn* v. *Burton,* 195 Mass. 277, but here that relationship never came into existence between the parties. It was never represented nor intended by anybody that it should. The purported employer of the plaintiff was the Slater company and no contractual liability of the defendants as principals was created by their misrepresentations as to authority. *Mendelsohn* v. *Holton,* 253 Mass. 362. The silence of the defendants — their failure to disclose their original fraud — was not a fraudulent concealment of their cause of action within the meaning of the statute.

The fraud which conceals a cause of action within the meaning of the statute "must be actually accomplished by positive acts done with the intention to deceive" the plaintiff. *Maloney* v. *Brackett,* 275 Mass. 479, 484. The character of the fraud which accomplishes such concealment has been described as "active steps taken" by the defendant, *Manufacturers' National Bank* v. *Perry,* 144 Mass. 313, 314; "Positive acts of actual and not merely constructive concealment," *O'Brien* v. *McSherry,* 222 Mass. 147, 150;

"active fraud of a kind calculated to conceal the truth from the plaintiff," *Jekshewitz* v. *Groswald,* 265 Mass. 413, 417. It does not appear that after the misrepresentations were originally made by the defendants to the plaintiff in 1922 there were ever any further communications, oral or written, between the parties with the exception of a conversation, over a year later, between the plaintiff and the defendant Bartlett to which reference will later be made. The evidence does not disclose any such active and positive acts or conduct of the defendants as must under the statute exist, if there be no fiduciary relationship between the parties, in order to constitute fraud in the concealment of a cause of action.

Fraudulent acts or words which have once furnished the basis for a cause of action for deceit may be of such a character, if thereafter repeated and the deceit of the defendant thereby continued, as to amount to a fraudulent concealment of the cause of action, *Dean* v. *Ross,* 178 Mass. 397; *Jekshewitz* v. *Groswald,* 265 Mass. 413, but where there is no fiduciary relationship a later reiteration of the original misrepresentations made to a plaintiff who has since obtained knowledge of their falsity, is not such fraudulent concealment. *Brackett* v. *Perry,* 201 Mass. 502. "A cause of action cannot be said to be concealed from one who has a personal knowledge of the facts which create it." *Sanborn* v. *Gale,* 162 Mass. 412, 414. When the plaintiff in his letter of April 28, 1923, gave notice to the Slater company of his claim to a commission he further stated the basis of that claim, namely, that the defendant Bartlett had placed the sale of the property in his hands and that the defendant Brown had made an agreement "on behalf" of the company to pay him a commission. The reply of the company refusing to confer with him stated, in terms that the plaintiff himself had used in his statement of the ground of his claim, the denial by both defendants of his assertions as to their dealings with him including the specific denial that an agreement had been made "in behalf" of the company. There appears to have been no further communication by him with the company. There was by the letter

from the Slater company brought to the knowledge of the plaintiff the fact that the assertions of authority by the defendants on which alone he rested his claim against the company were repudiated by both defendants and by the company. He knew then as much as he knew in November, 1928, at the time he says he first gained knowledge of the falsity of the representations, that is, when the decision of this court in the case he brought against the Slater company was rendered. The testimony of the plaintiff as to his conversation with the defendant Bartlett upon receipt of the letter from the Slater company was at most a weak reaffirmation of the earlier representation and is not enough to warrant a finding of fraudulent concealment (see *Brackett* v. *Perry*, 201 Mass. 502).

Since the evidence did not permit a finding that there was fraudulent concealment of the plaintiff's causes of action the statute of limitations is a bar to recovery and verdicts for the defendants were rightly ordered.

*Exceptions overruled.*