CARL V. RYDMAN *vs.* DENNISON MANUFACTURING COMPANY. April 21, 1976. The defendant's bill of exceptions having been seasonably presented but not allowed prior to July 1, 1974, is treated as a timely notice of appeal. Mass.R.Civ.P. 1A(7), 365 Mass. 732 (1974). Our disposition of the first of two questions for review makes it unnecessary for us to deal with the second, whether the jury's award of damages to the plaintiff was excessive. We conclude that the denial of the defendant's motion for a directed verdict, made at the close of all the evidence, was error. The evidence, viewed in its light most favorable to the plaintiff (see *Wilborg* v. *Denzell,* 359 Mass. 279, 282 [1971]) was insufficient to show that the defendant's employees who talked with the plaintiff had express, implied or apparent authority to offer him permanent employment with the corporation (accompanied by pension benefits at age 65) or to show ratification of such a contract by the corporation. The plaintiff failed to sustain his burden of showing that either the personnel director or the assistant head of the engineering department had any such authority (*Porshin* v. *Snider,* 349 Mass. 653, 654 [1965]; see *H.P. Hood & Sons, Inc.* v. *Ford Motor Co.* 370 Mass. 69, 77 [1976]) or that there was ratification of the agreement by the corporation with full knowledge of its provisions. *Connelly* v. *S. Slater & Sons, Inc.* 265 Mass. 155, 157 (1928). *Lucey* v. *Hero Intl. Corp.* 361 Mass. 569, 572 (1972). Officials of the corporation who might have had authority to bind the corporation to such an agreement remained unidentified, and there was no showing that any such official had knowledge of the terms of the agreement as described by the plaintiff. Nor

was this a situation in which knowledge of the agreement could be imputed to the corporation by constructive notice. Contrast *Beacon Trust Co.* v. *Souther,* 183 Mass. 413, 416-417 (1903); *Juergens* v. *Venture Capital Corp.* 1 Mass. App. Ct. 274, 278 (1973). The verdict of the jury is set aside and judgment is to be entered for the defendant dismissing the action.

*So ordered.*

*Charles Donelan* for the defendant.
*John J. O'Connell* for the plaintiff.