The plaintiff, Sharon Stotsky-Hilman, engaged the defendant Mark O. Dietrich, a certified public accountant, and his professional corporation (together, Dietrich) to prepare a valuation of her medical practice for her divorce case.[3] In a judgment of divorce nisi dated May 18, 2011, a judge of the Probate and Family Court rejected Dietrich's valuation, citing numerous errors and omissions in Dietrich's analysis. More than four years later, on October 22, 2015, Stotsky-Hilman commenced this action against Dietrich alleging breach of contract, breach of the implied covenant of good faith and fair dealing (together, the contract claims), unfair and deceptive trade practices under G. L. c. 93A, and negligence. Acting on Dietrich's motion for summary judgment, a Superior Court judge concluded that the contract and negligence claims were barred by the applicable statute of limitations, G. L. c. 260, § 4, and that the c. 93A claim failed because the plaintiff's alleged damages were overly speculative. We affirm the judgment.
Discussion. 1. Statute of limitations. a. Contract claims. In his summary judgment motion, Dietrich argued that the plaintiff's tort and contract claims were barred by G. L. c. 260, § 4, as amended through St. 1987, c. 418, which provides that "[a]ctions of contract or tort for malpractice, error or mistake against attorneys, certified public accountants and public accountants ... shall be commenced only within three years next after the cause of action accrues." The plaintiff contends that G. L. c. 260, § 4, is inapplicable, asserting that although Dietrich is a certified public accountant, he did not provide accounting services, but rather performed business valuation services, which do not necessarily require an accountant.[4]
The motion judge did not address this contention, however, because the plaintiff did not make this argument in opposing the summary judgment motion. To the contrary, she conceded that the tort claim was barred, but asserted that the contract claims were outside the statute because they were independent and distinct from her claim of accounting malpractice and therefore subject to the six-year statute of limitations in G. L. c. 260, § 2.
Appellate courts generally do not consider questions raised for the first time on appeal. See Amherst Nursing Home, Inc. v. Commonwealth, 398 Mass. 850, 852 (1986) ; Shapiro v. Grinspoon, 27 Mass. App. Ct. 596, 601 (1989). "[W]e are particularly reluctant to do so where there are no factual findings directed to the theory now advanced." Commonwealth v. Daniel, 464 Mass. 746, 755 (2013). Even assuming that the statute is implicitly limited to malpractice claims against certified public accountants performing accounting services, to fully evaluate the plaintiff's claim that Dietrich was not engaged in such services, we would require information concerning business valuation and appraisal services and the accounting profession that go beyond the present record. Accordingly, we decline to address the plaintiff's new theory.
The plaintiff's assertion that her contract claims are distinct from her malpractice claim is not persuasive. As an initial matter, the Legislature explicitly included contract as well as tort claims in G. L. c. 260, § 4, cognizant of the fact that claims of professional malpractice, whether sounding in contract or in tort, generally arise from a common nucleus of facts. See Hendrickson v. Sears, 365 Mass. 83, 85 (1974). "That limitation statutes should apply equally to similar facts regardless of the form of proceeding is intrinsically a sound proposition." Ibid.
"A plaintiff may not, of course, escape the consequences of a statute of repose or statute of limitations on tort actions merely by labelling the claim as contractual." Anthony's Pier Four, Inc. v. Crandall Dry Dock Engrs., Inc., 396 Mass. 818, 823 (1986). Even if G. L. c. 260, § 4, did not explicitly bar the plaintiff's contract claims, we would reach the same result were we to "look[ ] to the 'gist of the action' or the essential nature of the plaintiff's claim." Hendrickson, supra, quoting from Brackett v. Perry, 201 Mass. 502, 504 (1909).
The gist of the plaintiff's complaint is that Dietrich's valuation of her medical practice was so inept that the judge in her divorce proceeding rejected it, choosing the husband's higher valuation instead and, consequently, ordering the plaintiff to make substantially higher payments to the husband to effect the division of the marital estate. To establish that she was truly proceeding in contract rather than in tort, the plaintiff would need to point to specific provisions in her agreement with Dietrich imposing a higher standard of care than "that standard of reasonable care required of members of his profession," Klein v. Catalano, 386 Mass. 701, 719 (1982), or promising a specific result. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 720 ; Anthony's Pier Four, Inc., supra at 822 ("Because the standard of performance is set by the defendants' promises, rather than imposed by law, an express warranty claim is and generally has been understood to be an action of contract, rather than of tort").
The engagement letter provides no such promise. To the contrary, Dietrich did not undertake to exceed industry standards, but to conform to them.[5] He did not promise any particular outcome; rather, the engagement letter was replete with disclaimers and conditions. Dietrich's alleged failures to consult with the plaintiff, to respond to her inquiries, or to allow her to review his work product are related to her claim of professional negligence; they are not distinct contract claims. Because the "gist of the action" sounds in tort, the three-year tort period of limitations applies. See Pagliuca v. Boston, 35 Mass. App. Ct. 820, 823 (1994) ; Barber v. Fox, 36 Mass. App. Ct. 525, 529 (1994).
b. Chapter 93A claim. The motion judge concluded that a disputed factual issue existed regarding whether the plaintiff's c. 93A claim arising from Dietrich's alleged overbilling[6] was within the four-year statute of limitations set forth in G. L. c. 260, § 5A, but granted summary judgment to Dietrich on other grounds. We affirm on the ground that the claim is barred by the statute of limitations. See Gabbidon v. King, 414 Mass. 685, 686 (1993) ("[O]n appeal, we may consider any ground apparent on the record that supports the result reached in the lower court").
If the cause of action accrued when the plaintiff made her final payment to Dietrich in June, 2011, her claim would be barred, but if the cause of action did not accrue until October 26, 2011, the date of Dietrich's final invoice, the claim would fall within the limitations period by a matter of days. In the engagement letter, Dietrich estimated that his fee for the valuation would be "in the vicinity of $14,000." By June, 2011, Dietrich had submitted invoices totaling more than $113,000, which the plaintiff had paid. On October 26, 2011, Dietrich submitted his final invoice, in the amount of $2,290, which went unpaid.
On this summary judgment record, which we review de novo, we see no genuine issue as to any material fact demonstrating that the plaintiff was on notice of Dietrich's alleged overbilling no later than June, 2011. The statute of limitations begins to run when the plaintiff knows or reasonably should know that she has been injured by the defendant; she need not appreciate the full extent of her injury for the cause of action to accrue. See Williams v. Ely, 423 Mass. 467, 473 (1996) ; Vinci v. Byers, 65 Mass. App. Ct. 135, 139 (2005). Her c. 93A claim is untimely.
2. Outstanding discovery and rule 56(f). Finally, the plaintiff contends that the motion judge acted on the summary judgment motion prematurely, before Dietrich had fully complied with his discovery obligations. See Mass.R.Civ.P. 56(f), 365 Mass. 824 (1974). Assuming that Dietrich did withhold discovery materials (which Dietrich denies), the plaintiff still must show that further discovery would be relevant to the claims being adjudicated. See Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 307-308 (1991) ; Blake Bros. Corp. v. Roche, 12 Mass. App. Ct. 556, 560 (1981). The plaintiff asserts that further discovery from Dietrich might shed light on the full extent of his professional malpractice and the true measure of her damages. But the plaintiff has not been able to articulate, nor are we able to discern, how further discovery would be relevant to the issue of when her causes of action accrued. The motion judge did not abuse her discretion in acting on the summary judgment motion. See id. at 560-561.
Judgment affirmed.

Dietrich maintains that the plaintiff's divorce attorneys retained him and that he has no contract with the plaintiff. For the purposes of this appeal, we assume the existence of a contractual relationship.

Dietrich responds that he did in fact perform services as a certified public accountant, noting that his engagement letter stated, "I will perform an appraisal (valuation, as that term is defined in the Statement on Standards for Valuation Services of the American Institute of Certified Public Accountants)."

Dietrich undertook to perform the valuation "in conformance with the Business Valuation Standards of the American Society of Appraisers, used in conjunction with the Uniform Standards of Professional Appraisal Practice (USPAP) of The Appraisal Foundation and the Principles of Appraisal Practice and Code of Ethics of the American Society of Appraisers and Statement on Standards for Valuation Services of the American Institute of Certified Public Accountants."

The plaintiff also alleged that Dietrich engaged in unfair and deceptive trade practices by failing to consult with her and her advisers during the valuation, "failing to use comparables" suggested by the plaintiff, and failing to perform the appraisal as promised. All of these alleged wrongs occurred and were known or knowable to the plaintiff more than four years before she filed her complaint.